PETERS, Judge ad hoc.
This is a suit for personal injuries and property damage filed by Cecil E. Hughes and Fannie J. Hughes, against the City of Baton Rouge, Parish of East Baton Rouge, and Barber Brothers Contracting Company, Inc. Pauline O. Elmore and Barber Brothers Contracting Company, Inc. were named third-party defendants by the Parish of East Baton Rouge. The City of Baton Rouge filed an exception of no cause of action on the ground that the power and duty of maintaining Baton Rouge streets lies solely within the province of the Parish of East Baton Rouge. The court maintained that exception and dismissed the City of Baton Rouge as a party defendant. Judgment was rendered in favor of plaintiffs and against the Parish of East Baton Rouge in the sum of $5,951.83. All other demands were dismissed. The Parish has appealed.
The case arises out of an intersectional collision between Fannie J. Hughes and Pauline Elmore on September 9, 1969 at the intersection of North Ardenwood and Choctaw Drive in Baton Rouge, Louisiana. This intersection had been under construction by Barber Brothers Contracting Company, Inc. for a period of several months prior to the accident, and the entire portion from North Foster Drive to Greenwell Springs Road, which included the accident intersection, was completed except for minor clean-up work.
Choctaw Drive is normally the superior street. During construction, however, the intersecting streets were temporarily given the favored status. The intersection was controlled by octagonal stop signs placed in the middle of Choctaw Drive on small saw-horse barricades, facing east and west. No other signs or warning devices were present at the time of the accident.
Mrs. Pauline Elmore was traveling south on the inside lane of Ardenwood, while Mrs. Hughes was driving east on the outside lane of Choctaw. Choctaw was heavily traveled, and immediately prior to the accident there were vehicles, and more particularly, a truck in the inside lane of Choctaw blocking Mrs. Elmore’s and Mrs. Hughes’s view. There was a right turning vehicle directly in front of Mrs. Hughes when she approached the intersection. Mrs. Hughes’s attention was directed to the car turning to the right and she slowed down as she approached the intersection. When she began to enter the intersection, she was struck in the left rear by the El-more vehicle. Neither Mrs. Hughes nor Mrs. Elmore testified that they had been able to see each other except immediately before impact.
The trial court found that neither Mrs. Hughes nor Mrs. Elmore were negligent nor was their negligence the proximate cause of the accident. The court was of the impression that the proximate cause of the accident was the absence of a stop sign on the right shoulder of the street to notify persons traveling east in the outside lane of Choctaw that North Ardenwood was a superior street. We agree with the findings of the trial court that neither Mrs. Hughes nor Mrs. Elmore were negligent in the operation of their vehicles and that the sole cause of the accident was the negligence of the Parish in failing to place and maintain proper traffic control devices at the intersection.
The trial court also dismissed the contentions of the Parish of East Baton Rouge that under the hold-harmless provisions of its contract with Barber Brothers, it was relieved from liability in this matter. The court also rejected the claims of the Parish that- Barber Brothers should indemnify the Parish in event it is cast in judgment pursuant to hold-harmless clause in their agreement.
*196 In State Farm Mutual Automobile Insurance Company v. Dixon, La.App., 262 So. 2d 141, this court was presented with virtually the identical case that is before us. That suit involved a collision at the same intersection of Ardenwood and Choctaw Drive. In that case Mrs. Dixon was traveling west on Choctaw in the outside lane. A truck was proceeding west on Choctaw in the inside lane and blocked Mrs. Dixon’s vision of the stop sign located at the intersection in the center of Choctaw to the left of the inside west bound lane of traffic. When Mrs. Dixon reached the intersection, she assumed there were no traffic control signs directing traffic. She entered the intersection and collided with a southbound motorist on Ardenwood. The collision occurred on September 12, 1969, three days after this accident.
East Baton Rouge Parish and Barber Brothers Contracting Company, Inc. were named as defendants and, as here, East Baton Rouge Parish third partied Barber Brothers. The very same issues were in question; i. e., the liability of the Parish for failure to place proper stop signs along the shoulder of Choctaw Drive; whether the Parish was relieved from liability under the hold-harmless provisions of its contract with Barber Brothers; and whether or not Barber Brothers was liable for indemnity to the Parish if that party was cast in judgment. We upheld the trial court’s judgment against the Parish, dismissing all other demands. Writs were denied by the Supreme Court. See 266 So.2d 220.
There is, in our opinion, virtually no distinction between that case and the case presently before us. We are of the opinion that our reasons given in the Dixon case for upholding the judgment against the Parish of East Baton Rouge are equally applicable to this case. We feel that a protracted discussion thereof would serve no useful purpose and we therefore hold that our reasons given in State Farm Mutual Automobile Insurance Company v. Dixon, La.App., 262 So.2d 141, will control in this case as if copied herein in extenso.
We feel that the damages awarded to Mrs. Hughes by the trial court are well within the limits of his discretion.
Accordingly, for the reasons assigned, the judgment appealed is affirmed.
Affirmed.