386 So.2d 79 (1980)
James L. WALL et al.
v.
AMERICAN EMPLOYERS INSURANCE COMPANY et al.
Jeff L. BUTLER et al.
v.
AMERICAN EMPLOYERS INSURANCE COMPANY et al.
No. 66301.
Supreme Court of Louisiana.
June 23, 1980.
*80 Jenifer Ward Clason, Shaw & Shaw, Homer, for plaintiffs-applicants.
William J. Doran, Jr., William T. Kivett, Doran & Kivett, Baton Rouge, for defendants-respondents.
CALOGERO, Justice.[*]
We granted writs in these consolidated cases to resolve the following issues:
1) Should plaintiffs' awards of damages against the Claiborne Parish Police Jury have been reduced by the Court of Appeal by two-thirds because of plaintiffs' pre-trial settlements with and restrictive releases of two co-defendants and their insurers?
2) Should the damages awarded by the Court of Appeal be increased?
These consolidated actions for damages for wrongful death and for personal injury to guest passengers arose out of a two-car collision which occurred in July of 1966 in Claiborne Parish at the intersection of two rural blacktop roads maintained by the parish police jury as part of the parish road system. Brenda Prothro, the seventeen year old driver of one vehicle, and her three passengers, were travelling north on the Harris-Beck Road; Mrs. Eunice Vize, with six passengers, was driving east on the old Minden-Arcadia Road.
The intersection at which the collision occurred was described by the Court of Appeal as follows:
"Several stop signs which once had been maintained facing north-south traffic on the Harris-Beck Road were knocked down or removed by persons unknown at least a month before the accident. Grass and weeds had grown on the road shoulders at the intersection to the extent that drivers' view of the intersection a safe distance away was obstructed. One stop sign remained at the intersection but it faced southbound traffic on the Harris-Beck Road (Brenda Prothro was northbound) and was located not on the right shoulder of that road, but on the left shoulder. The hazardous nature of the generally uncontrolled, unmarked, *81 and obstructed intersection was compounded by a hill which also obstructed the vision of a northbound driver and by a curve which obstructed the view of the eastbound driver. The posted speed limit on each road was 60 M.P.H. Each automobile was travelling 50-55 M.P.H. No signs, however, were posted to warn traffic that an intersection was ahead." 377 So.2d 369, 371 (La.App.2nd Cir. 1979).
Reconstruction of the accident through expert testimony indicated that neither driver was aware of the other vehicle until the collision was imminent. The Vize vehicle which was travelling at approximately fifty miles an hour left skid marks of twenty-two feet and nine inches while the Prothro vehicle travelling at about fifty-five miles an hour left only two feet of skid marks. Testimony indicated that neither driver began braking until well after the point beyond which the collision was no longer avoidable.
As a result of the collision, Brenda Prothro and one of her passengers, Dianne Wall, were killed.[1] Additionally, all of the six passengers in the Vize vehicleMrs. Blanche Butler, her three minor children, and a minor niece and nephewwere injured. An action for the wrongful death of Dianne Wall was filed by her parents, Mr. and Mrs. James L. Wall, plaintiffs herein. A separate action was filed for the personal injuries sustained by the passengers in the Vize vehicle. Named as defendants in each action were Mr. and Mrs. E. L. Prothro, Jr., their insurer American Employers Insurance Company, Mr. and Mrs. H. C. Vize, their insurer State Farm, the Claiborne Parish Police Jury, and the State Department of Highways. The Department of Highways was dismissed from the litigation on exceptions upon a showing that the two roads in question were parish rather than state maintained roads.
Before trial both sets of plaintiffs settled with and gave restrictive releases to Mr. and Mrs. H. C. Vize, the Vize insurer State Farm, Mr. and Mrs. E. L. Prothro and the Prothro insurer American Employers. After much procedural litigation not relevant to the issues at hand and almost twelve years after the accident, the consolidated cases went to trial against the Claiborne Parish Police Jury alone.
At the conclusion of trial the district court found that plaintiffs in their pleadings had judicially confessed the negligence of the two drivers with whom they had settled before trial and that plaintiffs were bound by the allegations in their pleadings. The court further held, however, that the negligence of the two drivers had been proved by a preponderance of the evidence and that any negligence of the police jury in not signing the intersection properly was not a proximate cause of the accident. The trial court accordingly dismissed with prejudice the actions against the police jury.
On appeal the Second Circuit reversed the trial court's finding that the failure of the police jury to sign the intersection properly was not a proximate cause of the accident. That court found that the police jury had a duty to maintain the road and the traffic signs in a reasonably safe condition and to warn motorists of this unmarked intersection. The Court of Appeal further found that the Claiborne Parish Police Jury either knew or should have known that the stop signs at the intersection were down for more than a month before the accident. As a consequence that court found that the police jury's negligence was a proximate cause of the accident and constituted legal fault.
After finding that the police jury was liable for plaintiffs' damages, the Court of Appeal reduced the judgment by two-thirds for the reason that plaintiffs' allegations that the police jury's two co-defendants with whom plaintiffs had settled before trial had been jointly and concurrently negligent were binding. The court held that plaintiffs could not now assert that the two co-defendants with whom they had settled *82 were not joint tortfeasors and thereby defeat the police jury's right to claim a proportionate reduction in the judgment.
The finding by the Court of Appeal that the police jury's negligence was a proximate cause of the accident and constituted legal fault is well-founded and is no longer at issue in this litigation.[2] What prompted our granting writs in this case was the method by which the Court of Appeal determined that the drivers of the two vehicles were joint tortfeasors.
In reducing plaintiffs' judgments the Court of Appeal did not on the basis of the record find that the drivers of the two vehicles were negligent. Rather it determined as a procedural matter that plaintiffs were bound by their original and unamended pleadings filed at the commencement of the litigation, before settlement with and release of the two drivers and their insurers. In those pleadings plaintiffs had alleged that Brenda Prothro and Eunice Vize were jointly and concurrently negligent and had prayed that they be held liable in solido with the other defendants. Relying on Danks v. Maher, 177 So.2d 412 (La.App.4th Cir. 1965), the court found that the allegations of negligence of the two drivers in the unamended pleadings bound plaintiffs, and that consequently the two co-defendants were joint tortfeasors entitling the police jury to a reduction of the judgment under Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App.3rd Cir. 1964).
Harvey v. Travelers established the rule that when a plaintiff settles with and releases a joint tortfeasor and thereby deprives the remaining tortfeasor of his right to contribution against the one who has been released, the plaintiff can recover from the remaining tortfeasor only one-half of the damages which he has sustained. In that case plaintiffs filed suit against two drivers involved in an accident. After plaintiff settled with, released and dismissed from the suit one driver, the remaining defendant filed a third party action demanding that the released co-defendant be brought back into the action so that its solidary liability might be determined. He further demanded that if he were found liable, the judgment against him be either reduced by half or that he be given judgment for one-half against the released co-defendant. Upon motion for summary judgment on the third party demand, the trial court dismissed the third party action against the released defendant. The Court of Appeal affirmed, concluding however that the effect of the pre-trial settlement with the released defendant would be to reduce the plaintiffs' recovery if it were determined at trial that the released driver were a joint tortfeasor:
"We conclude, therefore, that where the claimant in a tort action settles with and releases one of two joint tort-feasors, reserving all of his rights against the other, the remaining tort-feasor is thereby deprived of his right to enforce contribution against the one who has been released. And, since the claimant by his own act has deprived the unreleased tort-feasor of this right to enforce contribution, he can recover from the latter only one-half of the damages which he sustained." 163 So.2d at 921.
The court in Harvey, however, stated that it was only if the released co-defendant were determined to be a joint tortfeasor at trial that the reduction in damages would apply:
"... If it should be determined on the trial of the merits of this case that the [released co-defendant] and the [non-released co-defendant] were both negligent, and thus that they were joint tort-feasors, then in view of the settlement with and release of [one co-defendant] plaintiffs must be decreed to have reduced their claim by one-half, and they would be permitted to recover only one-half of the total amount of their damages from the remaining tort-feasor, . . . (and its insurer). If it should be determined on a trial of the merits that the [released co-defendant] was not negligent, *83 and thus that he was not a joint tort-feasor, then the settlement entered into between plaintiffs and [that defendant] would not have the effect of reducing plaintiffs' claim against any others who may be determined to be tort-feasors." 163 So.2d at 922.
In reducing plaintiffs' damages under Harvey in the instant case, the Court of Appeal relied upon Danks v. Maher, supra, a medical malpractice case in which plaintiff filed suit against her doctor, the hospital in which the operation was performed, and the insurers of each. After trial was nearly completed but before the case was submitted to the jury, plaintiff settled her claim against the doctor and his insurer. Plaintiff then moved for and was granted a dismissal of her suit as to those plaintiffs but reserved her rights against the remaining plaintiffs. There the Fourth Circuit observed that the settlement with and dismissal of the doctor from the lawsuit after trial but before submission of the case to the jury unfairly and without notice shifted the burden of proving the negligence of the doctor from the plaintiff to the defendant hospital. The Court of Appeal held that plaintiff was bound by her pleadings in which she had alleged joint and concurrent negligence of the defendants. The court concluded that the doctor and the hospital were joint tortfeasors and accordingly reduced the judgment rendered against the hospital by half.
In following Danks in the instant case the Court of Appeal without much discussion distinguished Hall v. Hartford Accident & Indemnity Co., 278 So.2d 795 (La.App.4th Cir. 1973), in which a somewhat different procedural problem was presented. In Hall plaintiff filed suit against two defendants, then settled with and restrictively released one of them, making the settlement part of the record. However, the released co-defendant was not dismissed from the lawsuit and the case went to trial (with the jury unaware that one co-defendant had been released) for the determination of fault of each of the co-defendants. After trial the jury found that the co-defendant who had been released was not a tortfeasor and that only the defendant who had not been released was liable for plaintiff's damages. The Court of Appeal held that a reduction in recovery under Harvey v. Travelers does not apply to all situations in which multiple defendants are alleged to be liable, but only in cases in which more than one defendant would actually be liable.
There was no patent unfairness in Hall as there was in Danks because it was determined at trial in Hall that the released co-defendant was not a joint tortfeasor. Any recovery from that defendant was essentially a gratuity and should not serve to reduce plaintiff's recovery against the remaining defendant. In Danks the Court of Appeal held plaintiffs to be bound by their pleading in which they alleged the joint and concurrent negligence of the co-defendants because to have done otherwise would have been patently unfair to the remaining co-defendant.
Danks, to the extent that it held that a plaintiff's allegations of joint and concurrent negligence of a co-defendant later released binds that plaintiff and serves to reduce plaintiff's recovery against the remaining defendants, is not controlling in the instant case. Here plaintiffs settled with and released two of the three defendants well before trial. Aware of the release, defendant itself raised in its supplemental answer to the petition the issue of the negligence of the released co-defendants and prayed that if judgment be for the plaintiffs, the judgment be reduced because of the release of the two co-defendants. And while plaintiffs did not amend their original petition in which they alleged the joint and concurrent negligence of all defendants, plaintiffs did introduce without objection from defendant evidence of lack of fault on the part of the two released co-defendants.
In this case as in Hall the issue of the co-defendants' fault or lack thereof was fully and completely litigated at trial. Defendant did not object to the introduction of the evidence of the released co-defendants' lack of fault; nor did it at or before *84 trial contend that plaintiffs had judicially confessed the released co-defendants' negligence in their pleadings. Consequently defendant must be held to have consented to expansion of the pleadings by introduction of the evidence.[3] Had defendant objected, showing his lack of express or implied consent, then the trial court could have allowed plaintiffs to amend their petition.[4] An objection at that time would possibly have facilitated amendment of the petition and would have obviated this procedural problem.
We therefore conclude that plaintiffs are not bound by their allegations in the original petition, for the pleadings were amended by implied consent of the parties to charge exclusive fault on the part of the police jury. The Court of Appeal's reliance upon the allegations in plaintiffs' original petition was erroneous.
Although the Court of Appeal erred in reducing plaintiffs' damage awards on the basis that they were bound by their original and unamended pleadings, the reduction of the award may nonetheless be warranted if the evidence adduced at trial indicates that the two drivers were in fact negligent and thus joint tortfeasors with the police jury. Because this issue was completely and fully litigated at trial, there is an adequate record for this Court to review and make that determination.
The trial court determined, as did the Court of Appeal, that plaintiffs were bound by their allegations in the original pleadings. But the trial court further found, on an issue pretermitted by the Court of Appeal, that both of the drivers of the cars were negligent and legally at fault. The record in this case amply supports that conclusion.
Testimony introduced at trial indicated that at the time of the accident the Prothro vehicle was travelling north at approximately fifty-five miles per hour while the Vize vehicle was travelling east at fifty miles per hour. Colonel Joseph Andre, an expert in accident reconstruction, testified that although the vehicles were travelling below the posted speed limit (sixty miles per hour), both drivers were travelling too fast for the prevailing road conditions. He stated that the Prothro vehicle approached the intersection from the north over a hill which obscured the driver's view and that the Vize vehicle approached from the east around a blind curve. The two feet of skid marks made by the Prothro vehicle indicated that Brenda Prothro did not react to the oncoming vehicle until she was a mere sixty-three feet from impact although the Vize vehicle was visible before that point. The twenty-two feet nine inch skid marks left by the Vize vehicle also indicated that Mrs. Vize did not begin braking as soon as the Prothro vehicle would have become visible to an attentive driver.
Other testimony introduced at trial indicated that the drivers of the two vehicles could have, and likely would have, reacted more quickly had they been keeping the proper lookout. Testimony indicated that both drivers were familiar with the intersection and had travelled it on previous occasions.[5] Furthermore, Peggy Frye, a *85 passenger in the Prothro vehicle who was injured, testified that just before impact she and Brenda were talking and that Brenda would from time to time take her eyes from the road and look in her direction. Mrs. Vize also indicated that just before impact, she was discussing the day's shopping trip with the passenger in the front seat of her vehicle.
Based on the evidence in the record, we find that the drivers of the two vehicles were in fact negligent and are joint tortfeasors with the Claiborne Parish Police Jury. Therefore the judgment in favor of plaintiffs should under Harvey v. Travelers be reduced by two-thirds because of the pre-trial settlement with and release of two of the three joint tortfeasors.[6]
We have also reviewed the evidence relating to the amount of damages assessed for plaintiffs by the Court of Appeal (and awarded after reduction by two-thirds) and conclude that plaintiffs' argument of inadequacy is without merit. The Court of Appeal awarded the following damages:

"In favor of plaintiff, Mrs. Blanche
Butler $37,000.00
In favor of plaintiff, Jeff L. Butler,
as head and master of the
community and as administrator of
the estates of his former minor
children for these sums, respectively
as follows:
Expenses relating to Mrs. Butler $5,454.76
 Karen 53.00
 Jeffrey Lane 337.71
 Martha Ann 114.20
 __________
 TOTAL $5,959.67
Personal injury damages to the
minor, Jeffrey Lane Butler $3,000.00
In favor of plaintiff, Martha Ann
Butler Moore $3,000.00
In favor of plaintiff, Karen Butler
Shell $2,200.00
In favor of plaintiff, Donald Ray
Mosley (including medical expenses) $4,750.00
In favor of plaintiff, Terri Elaine
Mosley Rowell (including medical
expenses) $3,250.00
In favor of James L. Wall (including
expenses) $41,275.00
In favor of Mrs. Betty Wall $40,000.00"

We do not find these awards inadequate. The only award which is arguably on the low side is the $37,000 for Mrs. Blanche Butler's having suffered multiple fractures. However, the record supports the Court of Appeal's assessment of damages.

Decree
For the foregoing reasons the judgment of the Court of Appeal is affirmed.
AFFIRMED.
NOTES
[*] Honorable Frederick Stephen Ellis, Justice Pro Tempore, who heard arguments in this case later recused himself upon discovering that early in this litigation he had ruled on an interlocutory matter as a member of a three judge Court of Appeal panel.
[1] Two other passengers in the Prothro vehicle were also injured. Their claims are not before us in this case.
[2] An application for writs filed by the Claiborne Parish Police Jury seeking review of that finding was denied by this Court. 378 So.2d 1383 (La.1980).
[3] C.Civ.P. art. 1154 provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. . . ." (emphasis provided)
[4] C.Civ.P. art. 1154 further provides "... [i]f evidence is objected to at trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence."
[5] Peggy Frye indicated that she and Brenda Prothro travelled this road each summer when going to camp and that Brenda had travelled that route as recently as a week before the accident. Mrs. Vize's testimony indicated that she drove through the intersection quite frequently.
[6] This Court in Canter v. Koehring, 283 So.2d 716 (La. 1973) followed Harvey and its succeeding jurisprudence in approving the reduction of a judgment against a defendant because of the release of a joint tortfeasor.