WATKINS, Judge.
This is an action for property damage to an automobile owned by Edward Wertz, plaintiff-appellee, divorced husband of Lillie Hughes Wertz, and for personal injuries sustained by Mrs. Lillie Hughes Wertz, plaintiff-appellee, in an automobile collision between a car driven by Mrs. Wertz and a car driven by the defendant-appellant William M. Estes and insured by The Travelers Insurance Company, defendant-appellant. The accident occurred at about 7:00 on the evening of February 14, 1979, on Pontchartrain Drive in Slidell, a five lane (middle lane for turning) highway.
On the day of the accident, but before the accident occurred, William M. Estes had bought the car he was driving when the accident occurred from his brother, Jimmie Estes. Jimmie Estes was insured against liability by Aetna Life and Casualty Company. William M. Estes was insured by Travelers. Plaintiffs sued Jimmie Estes, William Estes, Aetna and Travelers for property damage to Edward Wertz’s car and personal injury to Mrs. Wertz.
Accepting and acknowledging receipt of the sum of $10,500.00 from Aetna, Mrs. Wertz executed a receipt and release, on or about January 24, 1980 (the instrument is undated), releasing Jimmie Estes, William M. Estes, and Aetna from further liability, but expressly reserving her cause of action and right of action against Travelers. In furtherance of the receipt and release, a joint motion to dismiss was filed by counsel for both plaintiffs (although Edward Wertz had not executed the release) and counsel for Jimmie Estes and Aetna, and an order was signed dated February 26, 1980, dismissing Jimmie Estes, William M. Estes, and Aetna, but expressly reserving all of plaintiffs’ rights and causes of action against Travelers.
After trial on the merits on April 8, 1980, the trial court rendered judgment in favor of Edward Wertz “on behalf of the community existing” between him and Mrs. Wertz in the sum of $500.00 for damage to his car and in favor of Mrs. Wertz in the sum of $10,000.00, the policy limit of Travelers’ lia *168 bility policy, for personal injuries she sustained, the judgment being rendered solely against Travelers. The trial court in written reasons stated that the release had not been introduced in evidence and was, in any event, ineffective, as plaintiffs reserved all rights and causes of action against Travelers. (The release was in fact attached as an exhibit to a deposition of Mrs. Wertz, and by stipulation of counsel in open court the deposition was introduced for the express purpose of introducing the release.)
We affirm, with one minor modification, the trial court’s judgment.
We have carefully read the transcript of testimony, and conclude, as the trial court found, that William M. Estes was solely to blame for the accident, and that Mrs. Wertz was not guilty of contributory negligence. The testimony of William M. Estes as to how the accident occurred we find unworthy of belief, as did the trial court, which had the benefit of observing the demeanor of witnesses. In any event, the determination of the trial court as to fault on the part of William M. Estes, and absence of contributory negligence on the part of Mrs. Wertz, was not clearly wrong or manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The receipt and release entered into before trial reserved all rights and causes of action of Edward Wertz and Mrs. Wertz against Travelers. Only Aetna, Jimmie Estes and William M. Estes were released.
William M. Estes was insured against liability by Travelers. Under Louisiana law, a liability insurer and its insured are co-debtors in solido. Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1st Cir. 1960).
The discharge of one co-debtor in solido discharges all the other co-debtors in solido unless the creditor has expressly reserved his rights against the other co-debtors. If he has so reserved his rights, the creditor must deduct the “part” of the debtor released from the total amount of the debt. LSA-C.C. art. 2203 (in paraphrase). This article has expressly been held applicable to a liability insurer and its insured. See Danzy v. U. S. Fidelity & Guaranty Co., 380 So.2d 1356 (La.1980).
However, the reasoning behind the rule that release of one co-debtor in solido effects a release of the other co-debtor is that, under the rules of solidary obligation, the right to contribution in favor of the co-debtor in solido not released against the released co-debtor is lost by virtue of the release. Therefore, if there are three joint tort feasors, each liable for one-third and two are released, the one not released can be held liable for only one-third of the total sum of damages, as his right to contribution has been lost. Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App.3d Cir. 1964); Wall v. American Emp. Ins. Co., 386 So.2d 79 (La.1980).
William M. Estes and Jimmie Estes were not joint tort feasors, nor were William M. Estes and his liability insurer, Travelers. Travelers, if cast in judgment, would not have a right to obtain contribution from William M. Estes. Thus, the rationale of LSA-C.C. art. 2203 does not apply to the release of William M. Estes. Travelers cannot claim a reduction of the total damages by William M. Estes’ “part” of the debt, as Travelers had no right to contribution from its insured, William M. Estes, as to one-half, or any portion, of the debt. The release of William M. Estes cannot have any effect upon the extent of Travelers’ liability.
Travelers contends that the sum paid Mrs. Estes by Aetna should reduce the extent of Travelers’ liability. We disagree, as Aetna was in no way even liable to Mrs. Wertz. We have carefully reviewed the record, and find no basis for liability on the part of Jimmie Estes, the seller of the car, or Aetna, his liability insurer. The sale of the car had taken place at the time of the accident, and thus only William M. Estes and his liability insurer, Travelers, were liable. An amount paid an insured party by an insurer which is not in fact liable is considered a pure gratuity, and does not reduce the extent of liability of the tort feasor or his insurer. Wall, supra.
*169 Mrs. Wertz was divorced from Edward Wertz at the time of trial and awarding of judgment. A community of acquets and gains did not then exist between Edward Wertz and Mrs. Lillie Hughes Wertz, if indeed it had ever existed. (Mrs. Wertz was living in Slidell, Louisiana, and Mr. Wertz was living in Georgia at the time of the accident and at the time of the trial.) Therefore, judgment should have rendered for the destroyed automobile in favor of Edward Wertz individually, and not in favor of Edward Wertz “on behalf of the community existing between Lillie Hughes Wertz and Edward Wertz”, as stated in the trial court’s judgment.
The judgment of the trial court is, therefore, amended to render judgment for damages to the car (in the amount of $500.00) to Edward Wertz individually, and in all other respects the judgment of the trial court is affirmed, all costs to be paid by appellant, Travelers.
AMENDED AND AFFIRMED.