412 So.2d 1045 (1982)
James RALEY
v.
James CARTER, et al.
No. 81-C-2340.
Supreme Court of Louisiana.
April 5, 1982.
*1046 James J. Zito, Baton Rouge, for applicant.
Charles W. Franklin, Terrence C. McRae, Franklin, Moore & Walsh, A. Shelby Easterly, III, Taylor, Porter, Brooks & Phillips, Baton Rouge, for respondents.
BLANCHE, Justice.
James Raley instituted a tort action against the job supervisor, safety officer, plant manager, and project manager of the company to which his employer was under contract for injuries he sustained when he fell through an open hole in a catwalk while working as a millwright. The sole issue before this Court is whether or not the remaining defendant is entitled to a reduction of the judgment by the share of three co-defendants who settled and were released by the plaintiff on the morning of trial.
On the morning of trial the suit was dismissed with prejudice as to the safety officer, plant manager, and project manager; however, plaintiff reserved his rights against the job supervisor, James Carter, and his insurer and the trial proceeded against these defendants only without objection. No evidence was adduced at trial by either party tending to prove or negate liability on the part of the released co-defendants. After trial, the district court ruled that James Carter had been negligent and judgment was rendered against Mr. Carter and his insurer in the amount of $140,878.98. The defendant requested a reduction of the judgment by 75% due to the fact that three of the four co-defendants had been released. The trial court denied this request, but the court of appeal reversed and held that the defendant was entitled to the requested reduction because the plaintiff was bound by his pleading that the released defendants were joint tortfeasors. La.App., 401 So.2d 1006.
It is settled law that when there are four joint tortfeasors and three are released by the plaintiff, the plaintiff can only claim one-fourth of the total award against the remaining tortfeasor. Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir. 1964). Nevertheless, the negligence of parties released from the suit remains an issue in the trial because the remaining tortfeasor is only entitled to a reduction of the award if the parties released are proven to be joint tortfeasors. As stated above, no evidence was introduced at trial to prove that the released defendants were jointly negligent.
In Danks v. Maher, 177 So.2d 412 (La. App. 4th Cir. 1965), cited by the court of appeal, the plaintiff filed a medical malpractice suit against her doctor, the hospital and their respective insurers. After trial was almost completed but before the case was submitted to the jury, the plaintiff settled her claim against the doctor and his insurer and those parties were released and dismissed from the suit; however, she reserved her rights against the remaining defendants. The Fourth Circuit observed that the dismissal of the doctor from the lawsuit so near the end of trial unfairly shifted the burden of proving the released defendant's negligence from the plaintiff to the remaining defendants and held that plaintiff was bound by her pleadings. Accordingly, the court reduced the judgment rendered against the hospital by one-half.
In Wall v. American Employers Insurance Co., 386 So.2d 79 (La.1980), plaintiff brought suit against three defendants for the wrongful death of their daughter. Prior to trial, plaintiffs settled with and released two of the three defendants; however, the negligence of the released parties was litigated at trial. At the conclusion of trial, the district court found that the plaintiffs had judicially confessed the negligence of the released defendants in their pleadings, but further held that the negligence of the two released defendants had been *1047 proved by a preponderance of the evidence, and determined that any negligence on the part of the remaining defendant was not a proximate cause of the accident. Therefore, he did not render judgment against the remaining defendant.
The court of appeal reversed the district court's ruling that the negligence of the remaining defendant was not a proximate cause of the accident and held the remaining defendant liable for the plaintiff's damages; however, they reduced the judgment by two-thirds, holding that plaintiffs were bound by their pleading that the two released defendants were negligent. We granted writs to review the correctness of the court of appeal's determination that the two released defendants were joint tortfeasors based upon a holding that the plaintiffs were bound by the pleadings. This Court held that the court of appeal's reliance upon the allegations in plaintiffs' original petition was erroneous. We found that defendant was entitled to a reduction, but our conclusion was based upon the trial court's finding that the negligence of the released tortfeasors had been proven by a preponderance of the evidence at trial.
In the area of law considered in Danks v. Maher, supra, and Wall v. American Employers Insurance, supra, fairness to the defendant was of paramount importance. In order to claim contribution from a released tortfeasor, the remaining defendant will ordinarily be required to establish the negligence of the released defendant at trial. In cases where a plaintiff reaches settlement with one or more defendants well prior to trial, the remaining defendant is afforded ample opportunity to prepare to carry this burden of proof.
In Danks, plaintiff settled with two of four defendants just prior to completion of trial. Reasoning that the remaining defendants had been unfairly deprived of an opportunity to establish the joint negligence of the parties released, the court reduced the plaintiff's award by the share of those defendants with whom plaintiff had settled.
In Wall, plaintiff settled with two of the three defendants at an unspecified time prior to trial. Our allowance of a reduction of the plaintiffs' award was based upon a finding that defendant had had a fair opportunity, and had successfully established negligence on the part of the released defendants at trial.
The instant case presents a situation somewhere between Danks and Wall. Carter and his insurer were aware that plaintiff had settled with the other defendants before trial began. Under the circumstances of this case, we are unwilling to hold that the remaining defendants were unfairly deprived of an opportunity to establish fault on the part of the released co-defendants. The result reached in Danks, supra, was harsh and its application should be strictly limited to cases in which settlement is reached only after the commencement of trial.
A pre-trial settlement shifts the burden of proving negligence on the part of the parties released from the plaintiff to the remaining defendants. As settlement was reached in this case prior to trial, Carter and his insurer were free to request a continuance in order to prepare to meet their unexpectedly altered burden of proof. Failing to request such a continuance, or to offer at trial any evidence of negligence on the part of the released co-defendants, Carter and his insurer cannot complain of a judgment finding them solely liable to plaintiff. The court of appeal erroneously ordered the reduction of plaintiff's award by the shares of the co-defendants released on the morning of trial.
To hold otherwise would seriously impair pre-trial settlement negotiations. Aware of the possibility that a late settlement may result in the reduction of an award rendered after trial with the remaining defendants, a plaintiff may feel forced to choose between an early (and probably unsatisfactory) compromise or proceeding to trial against all defendants. Our courts have repeatedly refused to implement jurisprudential rules which would reduce the plaintiff's incentive to reach settlement with defendants without the need for trial. *1048 McKowen v. Gulf States Utilities Co., 358 So.2d 675 (La.App. 1st Cir. 1978); State through Department of Highways v. Hunter, 309 So.2d 786 (La.App. 1st Cir. 1975).
Nor would we require a plaintiff to prepare two cases, one to establish the negligence of all named defendants; the other (held in reserve) to establish the lack of fault of any defendant with whom plaintiff may happen to compromise prior to trial. Such a requirement would unduly hamper a plaintiff, who already bears by far the heavier burden of proof in any tort action.
The appellees maintain that the court of appeal correctly gave the factual allegations contained in the plaintiff's petition the effect of judicial confessions. We cannot agree.
In Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979), we stated: "It is well settled that a judicial confession is a party's explicit admission of an adverse factual element and that it has the effect of waiving evidence as to the subject of the admission, of withdrawing the subject matter of the confession from issue."
In the instant case, plaintiff's petition contained no allegations which were adverse to his own interest. Rather, plaintiff alleged facts and circumstances on which he based his (non-binding) conclusion that all defendants were negligent and, hence, all liable for his damages. To give the factual allegations of a plaintiff's petition the binding effect of judicial confessions would render a defendant powerless to contest the plaintiff's suit. By its very nature, a plaintiff's petition places facts at issue. Only a defendant may conclusively admit those allegations in the petition which are adverse to his interest and, therefore, relieve the plaintiff of his obligation to prove those allegations at trial.
For the foregoing reasons, the judgment of the court of appeal is reversed.
REVERSED.