CRAIN, Judge.
This is an appeal from judgment of the trial court in three consolidated cases awarding plaintiffs, Gas Utility District No. 1 of East Baton Rouge, Mutual Fire, Marine and Inland Insurance Company; and McNair Transport, Inc.; property damages against the State of Louisiana, through the Department of Transportation and Development (DOTD).
The plaintiffs’ property damages resulted from an accident which occurred at the T-intersection of Louisiana Highway 64 and Piears Road in East Baton Rouge Parish on November 7, 1980. La. Highway 64 runs generally in an east-west direction. Piears Road runs generally north and south and intersects La. Highway 64 at its north margin where Piears Road ends. The intersection was being redesigned and relocated in conjunction with improvements to La. Highway 64 and had been under construction for several months. The work was being done by Jenkins Construction Corporation (Jenkins). The contract between Jenkins and the DOTD required Jenkins to remove a traffic island located in the center of Piears Road at the intersection, thereby narrowing Piears Road at the intersection. Piears Road was also elevated to eliminate a sharp incline to La. Highway 64. The relocation of the road resulted in the stop sign existing at the intersection prior to construction being approximately 27 feet from the new west edge of Piears Road and approximately 30 inches above the new road’s elevation.
The trial judge made the following findings of fact regarding how the accident occurred, which we adopt as our own:
“On the evening of November 7, 1980, Mr. Houk left his home in Baker, Louisiana to secure an article of clothing from his sister who lived in the vicinity of Piears Road and La. Highway 64. Mr. Houk was not familiar with the area and was advised as to the route to his sister’s home. Upon arriving at his sister’s home, he secured the article of clothing and received instructions on how to return to Baker, Louisiana. At approximately 6:40 p.m. Mr. Houk was driving south on Piears Road looking for La. Highway 64 when suddenly to his right he saw the headlights of the tractor-trailer driven by Louis Marcantel. Realizing he was in the intersection, Mr. Houk veered to the right but a collision occurred. Mr. Marcantel attempted to avoid the accident by veering right but his truck struck Mr. Houk’s vehicle and veered on the premises of Gas Utility District # 1 of East Baton Rouge Parish causing property damage to its property.
Mr. Everett L. Austin, project engineer for the State of Louisiana, testified that at the time of the accident the following signs were located on Piears Road near the scene of the accident.
1. On the northwest corner of Piears Road and La. Highway 64 was a stop sign that was 27 feet west of the west edge of Piears Road.
*516 2. A sign showing ‘SL 45 Road Construction Next 2.2 Miles’ was located 171 feet north of the intersection.
3. A double arrow truck route sign located 346 feet north of the intersection.
4. A ‘stop ahead’ sign located 597 feet from the intersection.
5. A road construction ahead sign located 757 feet from the intersection.
Mr. Houk testified that at the time of the accident it was dark, and further he did not recall seeing any of the above mentioned signs. After the accident Mr. Houk stated that he located the stop sign off to the right of the road and in a ditch. Louisiana State Trooper, Larry K. Horton investigated the accident, and testified that Mr.' Houk stated he didn’t know the intersection was being entered for he never saw any stop sign. Trooper Horton testified he drove down Piears Road to reenact Mr. Houk’s route of travel to determine if the stop sign was visible. He stated that ones headlights would not pick up the stop sign . .. ”.
Gas Utility District No. 1 of Baton Rouge, Mutual Fire, Marine and Inland Insurance Company; and McNair Transport, Inc., each filed suit for property damages naming Joel T. Houk, Jenkins Construction Corporation, and the Department of Transportation and Development, among others, as defendants.. The cases were consolidated for trial, after which judgment was rendered in the plaintiffs’ favor against the DOTD only, in the amount of damages stipulated to by the parties. From that judgment the plaintiffs and the DOTD appeal.
Each of the appellants allege that the trial judge erred in dismissing the plaintiffs’ claims against Joel T. Houk, Jenkins Construction Corporation, and their insurers. The appellants argue that Houk was negligent in view of the fact that he had just travelled through the intersection 20 minutes before the accident and, in addition, should have been put on notice of the approaching intersection by four signs which he had to drive past.
Mr. Houk was travelling at night and being unfamiliar with the vicinity he was unsure of the location of the intersection. He had travelled through the intersection 20 minutes before, but from a different direction. Although he did pass a sign indicating there was a stop ahead, it was located 597 feet from the intersection after which he passed an incorrectly placed sign indicating the speed limit to be 45 m.p.h. and road construction for the next 2.2 miles. At best, these signs were misleading, and the fact that Mr. Houk did not recall seeing them does not support appellants’ assumption that he would also not have seen a properly located stop sign. As the trial judge pointed out in his written reasons for judgment, in Willis v. Everett, 359 So.2d 1080 (La.App. 3rd Cir.1978), writ denied 362 So.2d 800 (La.1978), the court stated that it must be presumed that had the sign been in place to warn the motorist of the intersection he would have obeyed it. Therefore, we agree with the trial judge’s finding that Mr. Houk was not negligent.
The appellant’s argument that the trial court erred in not finding Jenkins negligent is also without merit. The appellants base their argument on the fact that the contract between Jenkins and the DOTD incorporates by reference the Louisiana Standard Specifications for Roads and Bridges (1977 ed.), the Manual on Uniform Traffic Control Devices, and R-S-24.[1] They interpret the provisions of those publications to place on the contractor the responsibility of deciding when and where regulatory signs should be relocated. These publications place certain responsibilities on the contractor to erect signs which are necessary to place the public on notice of the construction and to maintain existing signs. There is no provision that requires the contractor to relocate an existing regulatory sign not called for in the plans. State Farm Mutual Automobile Ins. Co. v. Dixon, *517 262 So.2d 141 (La.App. 1st Cir.1972), writ denied, 262 La. 1088, 266 So.2d 220 (1972). The DOTD had inspectors at this construction site on a daily basis whose job included checking the regulatory signs. There is also testimony that Jenkins had to obtain the DOTD’s permission before relocating a sign. For those reasons, we find no manifest error in the trial court’s finding that Jenkins Construction Corporation was not negligent.
The DOTD also argues on appeal that the trial judge erred in finding liability on its part. We disagree. As the trial judge pointed out, an agency maintaining a public rural road system has a duty to maintain the roads and traffic signs in a reasonably safe condition to warn motorists of unusually perilous conditions. Wall v. American Emp. Ins. Co., 377 So.2d 369 (La.App. 2d Cir.1979), affirmed on other grounds, 386 So.2d 79 (La.1980). The DOTD failed to do this despite the fact that its employees inspected the site daily. Therefore, we find that the trial judge was correct in concluding that the DOTD was negligent and solely liable for the damages which resulted from its negligence.
We do not find it necessary to discuss the DOTD’s argument that the contract provided a hold harmless agreement in the event of the contractor’s negligence, inasmuch as we find Jenkins not to be negligent.
Finally, the DOTD submits that it was error for the trial judge to admit a copy of the project diary made daily during the construction. At trial, counsel for the DOTD had objected to the admission of the document as hearsay. The trial judge admitted the document into evidence but stated that he would not draw any conclusion therefrom that the signs were improperly located. Later, in his written reasons for judgment, the trial judge pointed out that, the diary revealed that on the morning of the accident, the DOTD inspector had approved the location of signs and barriers. We do not reach the question of whether or not the project diary was hearsay and improperly relied upon, since the record re-fleets that witnesses testified to the same information.
For the reasons assigned above, the judgment of the trial court against the State of Louisiana, Department of Transportation and Development, dismissing all other defendants is affirmed in suits numbered 82 CA 1072, 82 CA 1073, and 82 CA 1074. All costs in each suit are to be paid by the DOTD, 82 CA 1072, $1214.53; 82 CA 1073, $618.15 and 82 CA 1074, $612.17.
AFFIRMED.

. This is a standard plan for highway signs and barricade details for construction projects, which was included in this contract.