842 So.2d 1115 (2003)
Diane BREAUX, Wife of and Joseph Breaux
v.
AVONDALE INDUSTRIES, INC. (Formerly Avondale Shipyards, Inc.) and its Executive Officers, Steven Kennedy and Peter Terito; Texaco, Inc.; Eagle, Inc. (Formerly Eagle Asbestos & Packing Company); The McCarty Corporation; Reilly-Benton, Inc.; et al.
No. 2002-CA-1713.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 2003.
*1116 Scott R. Bickford, John R. Martzell, Christopher H. Sherwood, Martzell & Bickford, New Orleans, LA, for Plaintiffs/Appellants.
Francine Giugno, Stephen N. Elliott, Eugene M. McEachin, Jr., Bernard, Cassisa, Elliott & Davis, Metairie, LA, for Reilly-Benton.
Claude A. Greco, Amy V. Seemann, C. Kelly Lightfoot, Hailey, McNamara, Hall, Larmann & Papale, L.L.P., Metairie, LA, for Taylor-Seidenbach, Inc.
Leon Gary, Jr., Olivia S. Tomlinson, William L. Schuette, Jr., Jones, Walker, Waechter, Poitevent, Carrere & DeNegre, Baton Rouge, LA, for Viacom, Inc., Etc.
Blaine A. Moore, Kaye N. Courington, Lori P. Moser, Charlotte L. Gilman, Duncan, Courington & Rydberg, L.L.C., New Orleans, LA, for Hopeman Brothers, Inc.
Gary A. Lee, Richard M. Perles, Johanna G. King, Lee, Futrell & Perles, L.L.P., New Orleans, LA, for Avondale Industries, Inc.
Robert E. Caraway, III, Kenan S. Rand, Jr., Wendy K. Lappenga, Rebecca M. Goforth, Plauche', Maselli, Landry & Parkerson, L.L.P., New Orleans, LA, for Steven Kennedy and Peter Territo.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY, III, Judge MAX N. TOBIAS, JR. and Judge DAVID S. GORBATY).
*1117 WILLIAM H. BYRNES III, Chief Judge.

STATEMENT OF THE CASE
Prior to commencement of this litigation, the plaintiffs, Diane Breaux, wife of/and Joseph Breaux, sued a number of defendants in the 162nd Judicial District Court for Dallas County, Texas, contending that their conduct had exposed Mr. Breaux to asbestos resulting in various health problems, including mesothelioma, and seeking recovery of associated damages.
That case bore number 00-08271 on the docket of the Texas court and the original petition named defendants AcandS, Inc.; Alcoa, Inc.; Alcoa, Inc., successor in interest to Reynolds Metal Company; A.P. Green Industries, Inc.; Armstrong World Industries, Inc.; Building Materials Corp. of America; Combustion Engineering, Inc.; Crown Cork and Seal; Flintkote Company; Foster Wheeler Energy Corporation; GAF Building Materials Corporation, individually and as successor to GAF Corp. and Edgecliff Corp.; GAF Corporation, individually and as successor to Newco Holdings Corp. and GAF Corp.; Garlock, Inc.; Gasket Holding, Inc.; Georgia-Pacific Corporation; Guardline, Inc.; Dresser Industries, Inc., successor in interest to Harbison-Walker Refractories; Indresco, Inc.; Kaiser Aluminum and Chemical Corp; Kelly Moore Paint Company; Metropolitan Life Insurance Co.; Minnesota Mining and Manufacturing; North American Refractories Co.; Owens-Illinois, Inc.; Proko Industries; Quigley Company; Riley Stoker Corp.; The Synkoloid Company; T & N PLC f/k/a Turner & Newell PLC; T & N PLC successor in interest to Keasbey & Mattison; Turner & Newell Industries, Inc. d/b/a United Gasket Corp.; Turner & Newell, Ltd. d/b/a United Fabricated; Uniroyal Holding, Inc.; U.S. Gypsum Company; U.S. Mineral Products Company; and W.R. Grace & Co.Conn.
The jury interrogatories in the Texas case include findings as to A.P. Green Industries, Inc.; Babcock & Wilcox; Fiberboard Corp.; Johns-Manville Sales Corp.; Philip Carey Corp.; Owens-Corning Fiberglass Company; and Pittsburgh-Corning Corp. as well.
Plaintiffs settled the Texas litigation with all defendants except North American Refractories. Following jury trial, the jury returned a verdict against that defendant; however, the trial court granted North American's motion for judgment notwithstanding the verdict, dismissing plaintiffs' claims against North American on 11 December 2001. Plaintiffs chose not to appeal the Texas judgment.
Plaintiffs filed the instant suit in April 2001 against Avondale Industries, Inc., two of its executive officers, Steven Kennedy and Peter Territo; Texaco, Inc.; Eagle, Inc.; the McCarty Corporation; Reilly-Benton, Inc.; Taylor-Seidenbach, Inc.; Hopeman Brothers, Inc.; and Western Electric Corporation (now Viacom, Inc.) for damages allegedly sustained as a result of Mr. Breaux's exposure to asbestos. Plaintiffs allege their damages, including Mr. Breaux's asbestosis and mesothelioma among other illnesses, were caused by exposures while he was working at Avondale's main shipyard, and at a Texaco refinery located in Paradis, Louisiana.
Plaintiffs claimed Avondale and Texaco were negligent in various particulars, generally resulting in their failure to provide Mr. Breaux a safe place to work and appropriate safety equipment and medical information.
Plaintiffs contend that the supplier defendants were liable because they knew or should have known the asbestos products they sold and supplied were unreasonably *1118 dangerous in normal use and failed to communicate this information to Mr. Breaux. McCarty, Eagle, Reilly-Benton, Taylor-Seidenbach and Hopeman were named as supplier defendants. Plaintiffs alleged that Viacom's predecessor, the manufacturing defendant, breached implied and express warranties of fitness of its asbestos products in normal use. Furthermore, they contend Viacom's predecessor was guilty of negligent failure to warn of danger, strict liability for unreasonably dangerous, defectively designed products, and production of asbestos products that were unreasonably dangerous per se.
In January 2002 Viacom filed an exception of no right of action for splitting a cause of action. The trial court heard and maintained the exception, entering judgment on 19 March 2002.
On 22 January 2002, Avondale, Mr. Kennedy and Mr. Territo adopted Viacom's exception and supporting memorandum. The trial court heard and maintained these exceptions on 8 March 2002.
On 21 February 2002 Reilly-Benton filed exceptions of res judicata and no right of action. On 1 March 2002 Taylor Seidenbach filed exceptions of res judicata and no right of action. On 7 March 2002 Hopeman Brothers filed an exception of no right of action for splitting a cause of action. On 13 March 2002 Eagle filed peremptory exceptions of no right of action, res judicata and violation of La. C.C.P. art. 425. On 26 March 2002 Texaco filed an exception of no right of action for splitting a cause of action.
The trial court heard the exceptions and on 20 June 2002 entered judgment granting the exceptions of no right of action for splitting a cause of action and of res judicata filed by Avondale, Mr. Territo, Mr. Kennedy, Reilly-Benton and Taylor-Seidenbach. That judgment also granted exceptions of no right of action for splitting a cause of action and of res judicata filed by Texaco and Hopeman Brothers. The judgment also dismissed "with prejudice Plaintiffs' claims against all Defendants on the grounds of no right of action for splitting a cause of action and res judicata."
Plaintiffs appeal these judgments. Having reviewed the record in its entirety and having found clear legal error in the judgment of the trial court, we reverse that judgment and remand the case to the trial court for further proceedings consistent with this opinion.
FIRST AND SECOND ASSIGNMENTS OF ERROR: The trial court erred in holding that res judicata bars plaintiff from bringing a lawsuit in Louisiana state court after entry of a Texas court's judgment in favor of a defendant not a party to the Louisiana litigation. The trial court manifestly erred in granting exceptions of No Cause of Action for Splitting a Cause of Action and of res judicata denying plaintiffs' right to institute an action against any of their solidary obligors, after having settled a cause of action against other solidary obligors and after a final Texas court judgment dismissing suit against a defendant not a party to the Louisiana litigation.
The purpose of both the federal and state laws of res judicata is to promote judicial efficiency and final resolution of disputes by preventing needless relitigation. Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654, 95-0671 (La.1/16/96), 666 So.2d 624. Our civilian theory of res judicata is that matters actually litigated and finally adjudged are presumed correct and should not be relitigated. Ortego v. State, Dept. of Transp. & Development, 95-830 (La.App. 3 Cir. 4/24/96), 673 So.2d 1168. However, the doctrine of res judicata is stricti juris, and *1119 any doubt concerning application of the principle must be resolved against its application. Kelty v. Brumfield, 93-1142 (La.2/25/94), 633 So.2d 1210.
In Louisiana, a valid, final judgment in favor of a plaintiff is conclusive between the same parties except on appeal or other direct review as to all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation. Furthermore, a judgment between the same parties is conclusive in any subsequent action between them with respect to any issue actually litigated and determined if its determination was essential to that judgment. LSA-R.S. 13:4231. The 1990 amendment to this issue preclusion/res judicata statute did not disturb the original requirement of identity of the parties.
Appellees contend that the status of the Louisiana and Texas defendants as solidary obligors under Cole v. Celotex Corp., 599 So.2d 1058 (La.1992) operates to bar the Louisiana suit. We are referred to no authority, nor has our independent research revealed any authority supporting the conclusion that solidary obligors are identical parties for purposes of res judicata under the law of Texas, Louisiana or the United States.
In order to accept the appellees' argument, this Court, in effect, would hold that solidary obligation creates the type of privity that is required to find an unnamed party bound by a judgment in a court proceeding of which he had no notice or opportunity to be heard, the fundamental elements of procedural process under the federal and state constitutions. Appellees argue that the unbroken chain of causative exposure to asbestos that ran among the Louisiana and Texas defendants creates not only the solidarity spoken of in Cole, but also the privity requires for operation of res judicata.
In Terrebonne Fuel & Lube, Inc. v. Placid Refining, supra, the supreme court recognized that Louisiana's res judicata law was broadened by the 1990 amendment and is now in line with federal provisions. Under federal law, the preclusive effect of a judgment binds the parties to the action and nonparties who are deemed the "privies" of the parties in these limited circumstances: (1) the nonparty is the successor in interest of a party; (2) the nonparty controlled the prior litigation; or (3) the nonparty's interests were adequately represented by a party to the action who may be considered the "virtual representative" of the nonparty because the interests of the party and the nonparty are so closely aligned. See, Hudson v. City of Bossier, 33,620 p. 8 (La.App. 2 Cir. 08/25/2000), 766 So.2d 738, 743-44; Meza v. General Battery Corp., 908 F.2d 1262 (5th Cir. 1990). We find no authority and are not prepared to hold that mere solidarity operates to create such virtual representation and close alignment. Indeed, the record of asbestos litigation demonstrates that the various defendants demonstrate significant interest in presenting positions adverse to their co-defendants. We are particularly reluctant to extend the concept of privity to include solidarity in a case such as the instant case where the primary (Texas) judgment exonerated the only party before the court, thus making it impossible to declare that party to have been solidarily liable with anyone, including the Louisiana defendants.
Appellees rely on the Supreme Court's 1943 opinion in Magnolia Petroleum Company v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943) for the proposition that Article IV, § 1 of the Constitution of the United States, the full faith and credit clause, commands that the law and jurisprudence *1120 of the state in which final judgment was rendered determines the effect of the prior proceedings and judgment. A close examination of the underlying facts of the Hunt case demonstrates that the opinion does not support appellees' conclusion that res judicata bars plaintiffs' Louisiana suit.
Magnolia Petroleum employed Mr. Hunt to work in its oilfields, which were located in the states of Texas and Louisiana. Mr. Hunt was injured during the course of this employment while working in Texas. Mr. Hunt sued only his employer in Texas for statutory compensation benefits, and was awarded a final judgment. Subsequently, Mr. Hunt sued the same defendant, Magnolia Petroleum, in Louisiana, seeking recovery under Louisiana's statutory compensation law. The Supreme Court noted that the Louisiana suit, between the same parties and arising out of the same incident, was barred by res judicata and the full faith and credit clause of the federal constitution. The court held that when the employee who has recovered compensation for his injury in one state seeks a second recovery in another he may be met by the plea that full faith and credit requires that his demand, which has become res judicata in one state, must be recognized as such in every other.
The court found,
[T]he clear purpose of the full faith and credit clause [is] to establish throughout the federal system the salutary principle of the common law that a litigation once pursued to judgment shall be as conclusive of the rights of the parties in every other court as in that where the judgment was rendered, so that a cause of action merged in a judgment in one state is likewise merged in every other. 320 U.S. at 439, 64 S.Ct. at 214 [emphasis added].
The basis of the appellees' full faith and credit defense is the res judicata effect of the prior judgment. Thus, in the instant case, the trial court was required to determine whether the Texas judgment in plaintiffs' favor against the Texas defendants would be a res judicata bar to the Louisiana case against the Louisiana defendants. We find no basis for applying res judicata to bar a subsequent suit absent identity of the parties. This Texas result is fully consistent with the Louisiana law concerning issue preclusion and res judicata.
Appellees contend that this Court should apply Texas law and find that the Texas judgment operates as a bar to the Louisiana suit by reason of res judicata, issue preclusion and improper splitting of causes of action. Appellees have referred us to several Texas cases in support of their theory, which we have examined thoroughly.
In support of its contention that Texas preclusion doctrines express the state's strong policy of preventing plaintiffs from filing multiple lawsuits for the same injury, appellees rely on Adler v. Beverly Hills Hospital, 594 S.W.2d 153 (Tex.Civ.App.-Dallas, 1980) and Hartnett v. Adams & Holmes Mortgage Company, Inc., 539 S.W.2d 181 (Tex.Civ.App.-Texarkana, 1976). Adler, which cited Hartnett, was a limitation of actions (civilian prescription) case in which the issue was when a cause of action for false imprisonment began to accrue. In discussing when the cause of action arose, the court noted that a plaintiff should not be permitted to bring a separate suit for each day of imprisonment, and regarded the entire period of detention as one continuing tort, for which a cause of action accrues when the detention ceases. The court noted the state's strong policy against a multiplicity of suits, exemplified in the rule against splitting a cause of action, holding:

*1121 [W]hen a party can enforce his rights by one action, he ought not to be permitted to resort to many. [Emphasis added.]
However, neither Adler nor any of the five cases cited therein illustrating the policy involved splitting the claims against different defendants. Furthermore, the Texas court limited its ruling to cases where the plaintiff could enforce his rights in a single action.
Appellants contend, and appellees offered no evidence of record to the contrary, that the Louisiana defendants were not within the jurisdiction of the Texas court and that the Texas defendants were not within the jurisdiction of the Louisiana court. Therefore, even under the Texas rule, appellants would be allowed to resort to more than one suit in order to enforce their rights fully.
Appellees cite Hartley v. Coker, 843 S.W.2d 743 (Tex.App.-Corpus Christi, 1992) to support their contention that abatement, a stronger version of civilian lis pendens, provides that the original court acquires dominant jurisdiction over the subject matter of a plaintiff's suit, and any subsequent suits must be dismissed in favor of the first filed suit. The Hartley court specifically recognized an exception to the rule requiring mandatory abatement of a second related suit where, as in the instant case, "all persons cannot be joined in the first court, or the first court does not have the power to bring such parties before the court." Hartley, 843 S.W.2d at 747. Thus, Hartley supports appellants' position.
Appellees cite Martin v. Phillips Petroleum Company, 455 S.W.2d 429 (Tex.Civ. App.-Houston (14 Dist.), 1970) for the proposition that once judgment is rendered in the initial suit, Texas precludes subsequent lawsuits through its prohibition against dividing a cause of action and res judicata. Martin sued in state court for interference with contract and in federal court under the Clayton anti-trust act. The federal court determined adversely to issues that went to the foundation of the state court action. The defendants in the two suits were identical, thus establishing an initial distinction from the instant case. The court held:
Estoppel by judgment applies where a party is seeking to relitigate an issue that has previously been litigated and determined in a former suit between the same parties. [Citation omitted.] Texas authorities estop a party from relitigating an issue that was controverted, involved, and determined between the same parties in a prior suit by a court of competent jurisdiction, even though the latter suit may be upon a different cause of action. [Citations omitted.] Where an issue has been determined between the same parties by a prior final federal judgment, the Texas courts have consistently upheld a plea of estoppel by judgment. [Citations omitted.] Martin, 455 S.W.2d at 437. [Emphasis added.]
Appellees rely on Dennis v. Gulf, C. & S.F. Ry. Co., 148 Tex. 387, 224 S.W.2d 704, (1949) to support their contention that only a single cause of action is created as a result of an injury to an individual, and the rights of all parties must be adjudicated in that suit. Dennis was brought under a railroad statute that specified venue for personal injury suits against railroad corporations. In that case, the surviving mother was a resident of Hardin County, where the injury occurred and where the railroad operates a line and has an agent. Decedent's "next friend" and surviving children were residents of Orange County, where the railroad neither operated nor had an agent. Plaintiffs sued in nearby Jefferson County. Statutory venue was *1122 available in both Hardin and Jefferson counties. The court addressed only the certified question as to whether the railroad could resist venue in Jefferson County in favor of Galveston County. The court noted that under the statute's explicit provisions, had the children been the only plaintiffs, they would have had the right to sue in Jefferson or Hardin Counties. The issue in the case was whether that right was defeated by joinder of the mother as a plaintiff. The court noted that while there may be many persons entitled to share in the damages recovered, only one suit may be brought, and the rights of all parties to recover damages must be adjudicated in that suit.
Obviously, Dennis does not support appellees' position. Dennis involved splitting actions among plaintiffs, and did not address the issue of lack of jurisdiction over a group of defendants that controls resolution of the instant case. The court held in Dennis only that joinder of the mother did not defeat venue in the children's county of residence.
Appellees cite Marcus v. Huguley, 37 S.W.2d 1100 (Tex.Civ.App.-Dallas, 1931) for the proposition that the consequence of a party's splitting his cause of action is preclusion of the second suit. Again, the cited case is inapposite to the instant case. Lenoa Huguley was killed in an automobile accident; her parents and two other persons were in the car in which Lenoa was a passenger. Theo Marcus' car struck the Huguley vehicle. Lenoa's parents successfully sued Marcus for their own personal injuries. Lenoa's father, as administrator of her estate sued the executrix of the Marcus estate for Lenoa's damages in a separate suit under a Texas survival statute. The court overruled the contention that Huguley was estopped, as a matter of law, from prosecuting this suit by reason of the action that accrued to him and to his wife for their own personal injuries.
The former suit was the prosecution of a separate and distinct cause of action from the one now prosecuted; though both suits are based on the commission of the same wrongful act. Marcus, 37 S.W.2d at 1104.
The court held that the bringing of the two separate suits was not a splitting of a single cause of action:
The rule against splitting is that a single cause of action or entire claim or demand cannot be split up or divided so as to be made the subject of different actions. If this is done and separate actions are brought for different parts of such a demand, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the others.
... [The rule] refers to splitting a single cause of action, and has no reference to different causes of action accruing to the same parties in different rights, though the causes of action may have resulted from the same wrongful act. Marcus, 37 S.W.2d at 1104.
Once again, we note identity of the defendants in the two suits. The cited case does not support appellees' contention that appellants' Louisiana suit is barred by application of Texas law.
Appellees contend that Texas law makes a judgment conclusive of whatever might have been litigated in the action in which it was rendered, and a party must bring forward in one suit all the claims or defenses he has which are included in or applicable to the cause of action in the suit, citing Hoehn v. Texas Employers' Ins. Ass'n, 42 S.W.2d 266 (Tex.Civ.App.-El Paso, 1931). In that case, brought under the Texas Workmen's Compensation Act, plaintiff sued the compensation insurer. *1123 The court of appeal reversed judgment in her favor because her claim had not been filed with the Industrial Accident Board within the time provided by statute. Thereafter, she sued the same insurer defendant, relying on the effect of a letter written on her behalf to the Board, to justify her delay. The court of appeal held that this additional evidence should have been presented in her first suit, and she failed to discharge her burden of bringing forward in the former suit all the facts upon which recovery depended. After having failed to do so, she could not be heard to say that there were other facts, which entitled the Board to pass upon her claim. We find nothing in this case to support the judgment of the trial court in the instant case.
Finally, appellees cite Press v. Davis, 118 S.W.2d 982 (Tex.Civ.App.-Fort Worth, 1938) in support of their contention that matters not submitted for adjudication are waived because judgment extinguishes the entire cause of action. In that case, Ms. Foley loaned Davis money for which Davis executed two promissory notes secured by a deed of trust of real (immovable) property. Davis made payments for a few years, whereupon he suffered financial difficulties and his creditors foreclosed upon property covered by the deed of trust. Ms. Foley instituted foreclosure proceedings for the unpaid balance of Davis' notes. Ms. Foley subsequently married and joined her husband, Marvin Press, as plaintiff in her suit for the unpaid balance on the debt, alleging fraudulent inducement. The issue on appeal was whether the statute of limitations had run in light of a jury finding of the date on which Ms. Foley discovered the value of the security to be less than as represented by Davis. The case did not involve the issue of multiple defendants, or the jurisdictional issue inherent in the instant case, and does not support the judgment of the trial court.
Thus, if we accept appellees' contention that Texas law applies, we must reverse the trial court's judgment.
Furthermore, the same result obtains under Louisiana law. As discussed above, res judicata is not available absent identity of parties. LSA-R.S. 13:4231.
Appellees seek alternatively to interpose preclusion by judgment, relying on article 425(A) of the Louisiana Code of Civil Procedure, which provides that a party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation. We reject appellants' procedural argument that this type of abatement defense is not properly raised by exception of no right of action. See McConnell v. Webb, 226 La. 385, 76 So.2d 405 (1954), overruled on other grounds, Dumas v. U.S. Fidelity & Guaranty Co., 241 La. 1096, 134 So.2d 45 (1961).
The rule of LSA-C.Civ.Pro. art. 425(A) requiring joinder of claims is not absolute, and will yield to the interests of justice. See Craig v. Adams Interiors, Inc., 34,591 (La.App. 2 Cir. 4/6/01), 785 So.2d 997. We have been directed to and our independent research has found no authority for the proposition that the joinder rule would require a plaintiff in the position of Mr. and Mrs. Breaux, when faced with asserting claims for long-term, continuing torts, under circumstances where no single court has jurisdiction of all defendants, to choose, in effect, which defendants to pursue, waiving their claims against those not amenable to jurisdiction in the "chosen" court. Clearly, under the circumstances of the instant case, the joinder rule must yield to the interests of justice. The liability of all the various defendants must be determined in order to effectuate a just result. There is no indication that plaintiffs seek or intend to seek *1124 multiple recovery for their damages; it appears to be clear from the record that they seek judicial determination of all parties who may be liable and against whom they may recover an amount not to exceed their actual, proven damages.

CONCLUSION AND DECREE
For the foregoing reasons, the judgment of the trial court granting appellees' exceptions is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.
GORBATY, J., dissents.
GORBATY, J., dissents with reasons.
I respectfully dissent. The Full Faith and Credit Clause of the United States Constitution requires that Louisiana give the Texas proceedings and judgment the same force and effect as they would have in Texas. The preclusive effects of the Texas proceedings and judgments are incorporated in doctrines of claim-splitting, abatement, collateral estoppel, and res judicata. These Texas policies preclude a second suit for the same injury. Under Louisiana law, the suit is also improper. Louisiana Code of Civil Procedure article 425(A), which states that all claims arising from a personal injury must be asserted in a single suit, embodies a prohibition against splitting a cause of action that precludes plaintiff's second suit. Accordingly, for these reasons, I would affirm the judgment of the trial court.
REVERSED AND REMANDED