| | | |
|---|---|---|
| **CARLO CAROLLO, JR., AND FRANK CAROLLO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CARLO CAROLLO, SR. AND THE ESTATE OF ANGELINA CAROLLO** | * <br><br> * <br><br> * <br><br> * | **NO. 2021-CA-0114** <br><br> **COURT OF APPEAL** <br><br> **FOURTH CIRCUIT** <br><br> **STATE OF LOUISIANA** |
| **VERSUS** | * * * * * * * | |
| **STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT** | | |

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 19-1727, DIVISION "E"
Honorable Jacques A. Sanborn, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Daniel L. Dysart,
Judge Paula A. Brown)

Sidney D. Torres, III
Roberta L. Burns
Beau F. Camel
Valerie L. Rodrigue
LAW OFFICES OF SIDNEY D. TORRES, III, APLC
8301 West Judge Perez Drive
Torres Park Plaza, Suite 303
Chalmette, LA 70043

Lawrence Blake Jones
Joshua Lee Rubenstein
BLAKE JONES LAW FIRM, LLC
701 Poydras Street
Suite 4100
New Orleans, LA 70139


                COUNSEL FOR PLAINTIFF/APPELLANT

Jeff Landry
LOUISIANA ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
P. O. Box 94005
Baton Rouge, LA 70804-9005


Paige M. Dominick
Amber Mandina Babin, AAG
William David Coffey
LOUISIANA DEPARTMENT OF JUSTICE
LOUISIANA ATTORNEY GENERAL'S OFFICE
1450 Poydras Street, Suite 900
New Orleans, LA 70112


COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED; REMANDED**
**October 14, 2021**

PAB
JFM
DLD

This is a civil action. Plaintiffs/Appellants, Carlo Carollo, Jr., and Frank Carollo, individually and on behalf of the estate of Dr. Carlo Carollo, Sr. and the estate of Angelina Carollo (the "Carollo Family") appeals the district court's judgment, which sustained Defendant/Appellee's, the Louisiana Department of Transportation and Development ("DOTD"), peremptory exception of no right of action based on preclusion of judgment, pursuant to La. C.C.P. art. 425 and dismissed, with prejudice, all the claims against DOTD. For the reasons discussed below, we reverse the district court's judgment, and remand the matter for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

On the evening of November 9, 2017, Dr. and Mrs. Carollo were in their vehicle, traveling home, after visiting with their son. They were stopped at the intersection of Volpe Drive and Louisiana highway 46 ("LA 46") in St. Bernard Parish, Louisiana. As Dr. and Mrs. Carollo attempted to make a left turn onto LA 46, their vehicle was struck broadside by an 18 wheeler tractor-trailer operated by Kevin Owens. Mr. Owens was employed by the tractor-trailer's owner, Langer

Transportation Company ("LTC"). Dr. and Mrs. Carollo died of injuries sustained as result of the accident. Two lawsuits followed.

## LAWSUIT I

*State Court (Petition I)*

On November 7, 2018, Plaintiffs filed a petition for damages ("Petition I") in the district court. Mr. Owens, LTC, and its insurers, ACE American Insurance Company, and XYZ Insurance Company, where named as defendants ("Defendants I"). None of Defendants I resided in Louisiana. As a result, on December 11, 2018, Defendants I successfully removed the case to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, 1441, and 1446.

*Federal Court (Petition I)*

Following removal, the federal court set a scheduling order. March 4, 2019, was the deadline to file amendments to pleadings. The Carollo Family timely filed a first supplemental and amended complaint on March 4, 2019, asserting additional allegations of negligence. On July 25, 2019, after the deadline for filing amended petitions had expired, the Carollo Family filed a motion seeking leave to file a second supplemental and amended petition to add DOTD as a defendant. Defendants I opposed the motion, arguing that the Carollo Family's request to add a Louisiana defendant was as an improper attempt to divest the court of diversity jurisdiction and the amendment was untimely pursuant to the scheduling order and no "good cause" was shown for the delay.

On October 18, 2019, the federal magistrate denied the Carollo Family's motion for leave to file a second and supplemental and amended petition for failure to show good cause to modify the scheduling order. In doing so, the magistrate,

weighed the joinder of the nondiverse party in the removed case—DOTD—by applying the factors set forth in *Hensgens* v. *Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), which provides in part:

> The [federal] district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. . . . In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.

Applying the first factor, the magistrate found it weighed against allowing the post-removal joinder of a non-diverse defendant, writing in pertinent part:

> In consideration of *Hensgens* first factor, the extent to which the purpose of the amendment is to defeat federal jurisdiction, this Court first notes that amending the pleading to join the DOTD would both result in a loss of subject matter jurisdiction as a matter of destroying the Court's diversity jurisdiction, as well as possibly implicating the State of Louisiana's, through the DOTD, Eleventh Amendment protection, which bars suit against a state defendant in federal court [citations omitted].

*Carollo v. ACE Am. Ins. Co.*, No. CV 18-13330, 2019 WL 5294933, at *3 (E.D. La. Oct. 18, 2019). In addition, the magistrate considered whether the plaintiff "knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Id*. at *4 (citations omitted). The magistrate opined that the Carollo Family knew or should have known that DOTD was a potential defendant before the initial state lawsuit was filed. Nevertheless, the magistrate found, that on the face of the petition, the Carollo Family alleged sufficient facts to state a valid claim against DOTD under Louisiana law. *Id*. at *5.

3

The magistrate concluded that "the first *Hensgens* factor weighs slightly against granting the amendment. . . ." *Id*.

As to the second *Hensgens* factor—whether the Carollo Family was dilatory in asking for the amendment—the magistrate concluded it was, and the Carollo Family failed to show good cause for the delay. *Id*. The magistrate was of the opinion the facts to support the joinder of DOTD as a defendant were known to the Carollo Family, "since the date of the accident and at minimum two (2) months before they filed suit." *Id*.

The third *Hensgens* factor considered by the magistrate was whether the Carollo Family would be significantly injured if the amendment was not allowed. *Id*. at *6. The magistrate commented that one consideration under this factor was whether a plaintiff could be afforded complete relief without the amendment. *Id*. (citation omitted). The magistrate noted that "[p]laintiffs implicitly acknowledge that they are free to seek relief against the DODT by avenues, other than this proposed second amended complaint should they so choose." *Id*. In addition, the magistrate considered DOTD was as an alleged joint tortfeasor, writing:

> Furthermore, as Defendants [I] have pointed out, in *Riggins*, this Court held that "[i]t is apparent from plaintiff's [sic] supporting memorandum that the DOTD is an alleged joint tortfeasor [and] Rule 19 does not require joinder of joint tortfeasors because they are not indispensable parties." *Riggins v. Anheuser-Busch, Inc.*, No. CIV. A. 95-3393, 1996 WL 297109, at *2 (E.D. La. May 31, 1996). As a joint tortfeasor, all Defendants jointly and severally liable for the damages, meaning "each liable party is individually responsible for the entire obligation, but a paying party may have a right of contribution or indemnity from nonpaying parties." BLACK'S LAW DICTIONARY (11th ed. 2019). Because of this, the Court finds merit to Defendants' [I] argument that the Plaintiffs can be afforded "complete relief" should their claim be successful; thus, the Court finds that there would be no "significant injury" in denying the amendment and weighs the third *Hensgens* factor against allowing the proposed amendment.

*Id*.

4

The fourth *Hensgens* factor included any other factors bearing on equities. The magistrate was of the opinion no convincing evidence was submitted by the Carollo Family as to why it had not pursued liability against DOTD earlier in the lawsuit. *Id.*

On October 24, 2019, the Carollo Family filed a motion in the federal district court, seeking review of the magistrate's denial of their motion for leave to file a second supplemental and amended complaint. On November 7, 2019, the federal district court denied the motion. The federal district court concluded that the Carollo Family should have been alerted to DOTD's potential liability from the accident reconstruction report which was provided to them three months before the Carollo Family filed its petition in the state court. In addition, the federal district court found that the magistrates' determination as to the *Hensgens* factors was not clearly erroneous or contrary to law. *Carlo Carollo, et al v. ACE American Ins. Co., et al.*, No. CV 18-13330, 2019 WL 5800389, at *2, *3 (E.D. La. Nov. 7, 2019).

Also, on November 7, 2019, the Carollo Family reached a settlement with Defendants I. In the settlement agreement, which was signed in December of 2019, the Carollo Family reserved its rights against all other parties, "unrelated to the Released Parties, whether named or unnamed, in connection with all claims arising out of the incident which forms the basis of the subject litigation." As a result of the settlement between the parties, the federal district court dismissed Lawsuit I with prejudice on December 26, 2019.

*LAWSUIT II*

*State Court (Petition II)*

On November 8, 2019, the Carollo Family filed a petition for damages ("Petition II") in the state district court, naming DOTD as the only defendant. In Petition II, the Carollo Family asserted that Petition II was timely, and that a separate suit was filed against DOTD, because DOTD could not be sued in federal court.

On October 14, 2020, DOTD filed in the district court a peremptory exception of no right of action ("the exception") based on preclusion of judgment, pursuant to La. C.C.P. art. 425. Louisiana Code of Civil Procedure Article 425 provides that "[a] party shall assert all causes of action arising out of the transaction and occurrence that is the subject matter of the litigation." DODT argued that the Carollo Family failed to name it as a defendant in Petition I, which causes of action arose out of the same transaction and occurrence as alleged in Petition II, in violation of Article 425. In addition, DODT asserted no exception should be applied to the Carollo Family's failure to name it as a defendant in Petition I, explaining (1) that the damages prayed for by the Carollo Family were previously litigated in Lawsuit I; (2) the Carollo Family did not reserve their rights against DODT; and (3) the Carollo Family failed to exercise due diligence to name DODT as a defendant, claiming the Carollo Family was aware of a potential claim against it when they were given Defendants I's expert report, regarding reconstruction of the accident. DODT attached pertinent evidence in support; however, the expert's report on reconstruction of the accident was not attached. Alternatively, DOTD asserted the Carollo Family's action had prescribed.

On December 9, 2020, the Carollo Family filed an opposition to the exception, arguing that La. C.C. P. art. 425 was not absolute and "will yield to the interest of justice," citing *Craig v. Adams Interiors, Inc.*, 34,591 (La. App. 2 Cir. 4/6/01), 785 So.2d 997.[1] The relevant factors argued by the Carollo Family, included: (1) Lawsuit I was forced on them; (2) DOTD was not amendable to the jurisdiction of the federal court; (3) in the settlement agreement of Lawsuit I, they reserved their right against other parties who may be liable; (4) the federal court concluded they would not suffer prejudice because they could seek relief by filing a separate suit in state court, and they did not seek multiple recoveries but a "judicial determination of all parties who are liable . . . ."; and (5) the Carollo Family disputed that they were aware of the DOTD's alleged liability before Lawsuit I was filed. The Carollo Family explained that they did not have knowledge of sufficient facts to name the State as a defendant in Lawsuit I until July 25, 2019, during the deposition of the investigating state trooper. The Carollo Family continued that "[a]ppellants certainly would have included the DOTD in the original petition and could have avoided removal to federal court, had the appropriate evidence existed when filed." The Carollo Family attached exhibits in support of its opposition, including an excerpt of the settlement agreement from Lawsuit I. In addition, the Carollo family argued that their claim against DOTD

---

[1] In *Craig v. Adams Interiors, Inc*, 34,591 (La. App. 2 Cir. 4/6/01), 785 So.2d 997, the plaintiffs/homeowners sued the defendant, their general contractor, under the New Home Warranty Act for an allegedly defective custom fireplace. Because the parties had already participated in arbitration concerning design changes and overcharges, the defendant filed an exception of *res judicata* pursuant of La. C.C.P. art. 425. The second circuit found *res judicata* inapplicable because the fireplace issue, discovered three weeks after the arbitration award was rendered, was not litigated in the arbitration. The second circuit also noted, that even if Article 425 required them to assert the fireplace issue in the arbitration, "the procedural rule [of La. C.C.P. art. 425] was not absolute and will yield to the interests of justice," citing La. R.S. 13:4232 A(1). *Id*., 34,591, pp. 5-6, 785 So.2d at 1002 (footnote omitted).

had not prescribed, as the running of the prescription period to seek damages against DOTD was interrupted by filing of Petition I.

A hearing on the exception was held on December 17, 2020. The district court noted it was not ruling on the prescription issue, and it took the exception of no right of action under advisement. On December 28, 2020, the district court granted the exception and dismissed all the Carollo Family's claims against DOTD with prejudice.

The district court, in its reasons for judgment, rejected the Carollo Family's argument that Article 425 should not be applied in the interest of justice, writing in pertinent part:

> Plaintiffs chose to settle their case with the original defendants in the Federal litigation before proceeding against the State of Louisiana, Department of Transportation and Development in the present suit. This creates extreme prejudice against the sole remaining Defendant in this matter as the remaining Defendant would be required to independently establish the potential fault of the now dismissed defendants from the Federal Litigation. Pursuant to La C.C.P 425 [,] Plaintiffs must assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation. Plaintiffs failed to timely amend their pleadings in Federal Court and as a result settled the Federal litigation. The failure of Plaintiffs to timely amend their pleadings in the Federal Litigation is not grounds to remove the requirements found in La C.C.P. 425.[2]

This devolutive appeal follows.

## STANDARD OF REVIEW

In *N. Clark, L.L.C. v. Chisesi*, 16-0599, p. 6 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1017 (citations omitted), this Court set forth the applicable standard of

---

[2] It is a "well-settled rule that the district court's oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment." *Wooley v. Lucksinger,* 09-0571, 09-0584, 09-0585, 09-0586, p. 77 (La. 4/1/11), 61 So.3d 507, 572 (quoting *Bellard v. American Cent. Ins. Co.*, 07-1335, p. 25 (La. 4/18/08), 980 So.2d 654, 671). However, a court of appeal may review the trial court's reasons for judgment to "gain insight" into the trial court's judgment. *Id.*, 09-0571, 09-0584, 09-0585, 09-0586, p. 78, 61 So.3d at 572.

review for an exception of no right of action, writing, that "[t]he exception of no right of action presents a question of law; thus, . . . appellate review of that exception is *de novo* and involves determining whether the trial court was legally correct in sustaining such exception." "Where doubt exists regarding the appropriateness of an objection of no right of action, it is to be resolved in favor of the plaintiffs." *Teachers' Ret. Sys. of Louisiana v. Louisiana State Employees' Ret. Sys.*, 456 So.2d 594, 597 (La. 1984).

## DISCUSSION

On appeal, the Carollo Family's sole assignment of error is that the district court erred in sustaining DOTD's exception of no right of action pursuant to La. C.C.P. art. 425.[3] The Carollo Family asserts that La. C.C.P. art. 425 is not absolute and the circumstances of this case support not applying Article 425 in the interest of justice.[4]

---

[3] The Carollo Family also argued that the action had not prescribed. However, as noted *supra*, the district court did not rule on this issue. Thus, the issue of prescription is not properly before this Court.

[4] Specifically, the Carollo Family argues:

- They were forced into federal court by Defendants I;

- DOTD was not amendable to the jurisdiction of the federal court;

- they reserved their right against other parties who may be liable in the settlement agreement of Lawsuit I;

- the federal court concluded they would not suffer prejudice if amendment was not allowed because they were free to seek relief against the DOTD by other avenues;

- they did not seek multiple recoveries but a "judicial determination of all parties who are liable and against whom they may recover for their actual, proven damages."

- they disputed they were aware of the DOTD's alleged liability before Petition I was filed. The Carollo Family explained that "[a]ppellants certainly would have included the DOTD in the original petition and could have avoided removal to federal court, had the appropriate evidence existed when filed"; and

9

In turn, DODT argues "this case presents the very situation in which the preclusion by judgment doctrine should apply," writing:

> DOTD acknowledges that there is a split within the Louisiana Courts of Appeal as to how to apply La. C.C.P. art. 425, specifically whether to apply the rule when the same parties are not named in the actions. However, Defendants aver that there is no requirement under La. C.C.P. art. 425 for the same parties to be named in order for the doctrine of preclusion by judgment to apply.

In addition, DOTD asserts that the district court's, sustaining of the exception, did not go against the interest of justice.[5]

*Applicable law*

The burden of proof for an exception of no right of action is on the moving party. *See N. Clark, L.L.C.,* 16-0599, p. 6, 206 So.3d at 1017 (citation omitted). In *Breaux v. Avondale Industries, Inc.*, 02-1713, p. 15 (La. App. 4 Cir. 3/12/03), 842 So.2d 1115, 1123, this Court held that the issue of whether an action is precluded by La. C.C.P. art. 425 may be raised by an exception of no right of action.

Louisiana Code of Civil Procedure Article 425(A) provides that "[a] party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." Article 425 does not expressly provide a

---

- they were not required to defer settlement with the other defendants until they could proceed against DOTD.

[5] Specifically, DODT urges:

- The Carollo Family was not forced to litigate the first suit in federal court as there would have been no diversity had they named DODT in Petition I;

- the Carollo Family had constructive knowledge based on the reconstruction report of DOTD's potential liability in August 2018, before Lawsuit I was filed;

- it would be prejudicial if Lawsuit II was not precluded because it should not have to prove the fault of the defendants sued in Lawsuit I; and

- the Carollo's Family reservation of rights in the settlement agreement in Lawsuit I was insufficient to reserve its right to proceed against it.

penalty or relief for failure to comply, a due diligence requirement, or exceptions to the mandate. However, the official comments to Article 425 (1990) provide: "This amendment expands the scope of this Article to reflect the changes made in the defense of *res judicata* and puts the parties on notice that all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation must be raised."

Louisiana Revised Statute 13:4231 codified the *res judicata* principle and provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

In *Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053, the Louisiana Supreme Court explained the five elements of *res judicata* that must be met to preclude a claim or action under La. R.S. 13:4231:

> A reading of La. R.S. 13:4231 reveals that a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same [or identity between the parties]; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

In addition, the legislature provided exceptions to *res judicata* in La. R.S. 13:4232:

A. A judgment does not bar another action by the plaintiff:

(1) When exceptional circumstances justify relief from the *res judicata* effect of the judgment;

(2) When the judgment dismissed the first action without prejudice; or

(3) When the judgment reserved the right of the plaintiff to bring another action.

The official comments to La. R.S. 13:4232 note that the first exception set forth in section (A)(1), gives the court the discretion to grant relief from the judgment for exceptional circumstances, and explains that "[t]his discretion is necessary to allow the court to balance the principle of *res judicata* with the interests of justice."

*Analysis*

Generally, in reviewing whether a claim or action is precluded under the *res judicata* statutes, the court will look first to whether the elements of *res judicata* are met; if not, then the court will determine if an exception to *res judicata* applies. DODT argues that La. C.C.P. art. 425 should be strictly construed and that the only element of *res judicata* that must be met under La. C.C.P. art. 425 is that the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation; no identity between the parties is required. Both parties agree that the exceptions to *res judicata* may be applied to the mandate of La. C.C.P. art. 425, but disagree as to if any exceptions are applicable in this case. Thus, in conducting our *de novo* review, we must resolve: (1) whether all the elements of *res judicata* apply to

12

Article 425; (2) if so, are the elements met; and (3) are any of the exceptions set forth in La. R.S. 13:4232 applicable.

In *Breaux v. Avondale Indus., Inc.*, 02-1713 (La. App. 4 Cir. 3/12/03), 842 So.2d 1115, this Court was tasked with reviewing both an exception of *res judicata* and an exception of no right of action for splitting a cause of action, in violation of La. C.C.P. art. 425. The plaintiffs sued numerous defendants in Texas state court, alleging personal injury as a result of exposure to asbestos. After settling with the named defendants, except one, in which a jury trial was held, the plaintiffs filed suit in Louisiana naming different defendants than named in the Texas lawsuit. The Louisiana lawsuit also alleged personal injury as a result of exposure to asbestos. In reversing the trial court's judgment sustaining the exception of *res judicata*, this Court found no identity between the parties of the first and second suit. In addition, this Court reversed the trial court's judgment sustaining the Article 425 exception. However, this Court did not discuss that the *res judicata* element of identity between the parties was not met; instead, this Court cited "in the interest of justice" exception to *res judicata*. This Court explained that "[t]he rule of LSA–C.Civ.Pro. art. 425(A) requiring joinder of claims is not absolute, and will yield to the interests of justice." *Id.*, 02-1713, p. 15, 842 So.2d at 1123 (citing *Craig,* 34,591, pp. 5-6, 785 So.2d at 1002). In applying the "in the interest of justice" exception, this Court, opined:

> We have been directed to and our independent research has found no authority for the proposition that the joinder rule would require a plaintiff . . . when faced with asserting claims for long-term, continuing torts, under circumstances where no single court has jurisdiction of all defendants, to choose, in effect, which defendants to pursue, waiving their claims against those not amenable to jurisdiction in the "chosen" court . . . .The liability of all the various defendants must be determined in order to effectuate a just result. There is no indication that plaintiffs seek or intend to seek multiple recovery for

their damages; it appears to be clear from the record that they seek judicial determination of all parties who may be liable and against whom they may recover an amount not to exceed their actual, proven damages.

*Id.*, 02-1713, p. 15, 842 So.2d at 1123-24.

In *Dowl v. Redi Care Home Health Ass'n*, 04-1182 (La. App. 4 Cir. 12/22/04), 917 So.2d 434 (*order to dismiss appeal vacated on application for rehearing*), after entering a settlement agreement with an insurer, the plaintiff filed a petition seeking judicial approval of the original settlement and additional payments for the insured. The insured filed an exception of *res judicata* arguing, preclusion under La. C.C.P. art. 425, which was granted by the trial court. In affirming the trial court's judgment, this Court noted that "[t]he doctrine of *res judicata,* contained in La. C.C.P. Art. 425 . . ." and found none of the exceptions to *res judicata* set forth in La. R.S. 13:4232 were present. *Id.*, 04-1182, pp. 5-6, 917 So.2d at 438. All of the elements of *res judicata* were met, including identity between the parties.

In *Gaspard v. Allstate Ins. Co.*, 04-1502 (La. App. 3 Cir. 5/4/05), 903 So.2d 518, *writ denied,* 05-1510 (La. 12/16/05), 917 So.2d 1114, the third circuit applied the *res judicata* elements to the Article 425 motion. The plaintiff entered a settlement agreement with the defendant's insurance carrier and via text message reserved her right against any and all other insurers. The plaintiff filed suit against her uninsured motorist carrier. The carrier filed exceptions of no cause of action and/or no right of action on the grounds that suit was barred by preclusion of judgment, pursuant to La. C.C.P. art. 425. First, the third circuit noted that the plaintiff had reserved her rights in the settlement against the carrier. *Id.*, 04-1502, p. 3, 903 So.2d at 520. Second, the third circuit found that the action was not

barred by Article 425 because all of the elements of *res judicata* must be met before such an exception may be maintained. The third circuit concluded that "[i]n the instant case, the requisite elements for a viable plea of *res judicata,* such as identity of parties, are not present. *See,* La. R.S. 13:4231." *Id.*

In *Spires v. State Farm Mut. Auto. Ins. Co.*, 08-573, p. 3 (La. App. 3 Cir. 11/5/08), 996 So.2d 697, 699, *writ denied*, 08-2871 (La. 2/6/09), 999 So.2d 783, the third circuit read Article 425 *in para materia* with the *res judicata* statute *and* applied all the elements of *res judicata*. The plaintiff settled her personal injury suit with defendant's insurer. There was no reservation of rights against plaintiff's uninsured motorist carrier. The plaintiff then filed suit against her uninsured motorist carrier. The uninsured motorist carrier filed an exception of preclusion by judgment, pursuant to La. C.C.P. art. 425, which the trial court sustained. On appeal, the third circuit reversed, writing in pertinent part:

> Article 425 was amended in 1990 at the same time changes were made in the *res judicata* statutes. *Walker v. Howell,* 04-246 (La. App. 3 Cir. 12/15/04), 896 So.2d 110. These statutes must be read *in pari materia. Id.* The primary expression of the legislature's intent regarding *res judicata* is La. R.S. 13:4231. . . .
>
> This court has held that Article 425 "contains no penalty provision; rather it is merely a reference to the principles of *res judicata.*" *Gaspard v. Allstate Ins. Co.,* 04-1502, p. 3 (La. App. 3 Cir. 5/4/05), 903 So.2d 518, 520.
>
> Applying these precepts to the instant case, we find that [uninsured motorist carrier's] exception must be overruled. The doctrine of *res judicata,* as outlined in La. R.S. 13:4231, only applies to actions between the same parties.

*Id.*, 08-573, pp. 3-4, 996 So.2d at 699-700.

The fifth circuit, in *Handy v. Par. of Jefferson*, 20-122 (La. App. 5 Cir. 6/1/20), 298 So.3d 380, 390 ("*Handy*"), in a writ opinion, disagreed with the third circuit and strictly construed La. C.C.P. art. 425. It opined that the trial court erred

when it held that "La. C.C.P. art. 425 is to be read *in pari materia* with the identity of parties' requirement found explicitly in the principles of *res judicata.*" *Id*., 20-122, p. 15, 298 So.3d at 394. The appellate court concluded that "[t]he article [La. C.C.P. art. 425], as written, does not require that the parties to the two actions be the same in order for one action to be barred by the other." *Id*., 20-122, p. 11, 298 So.3d at 390. In addition, although Article 425 does not set forth any exceptions to the mandate, the *Handy* court recognized two exceptions. The first exception, which was utilized by this Court in *Breaux,* 842 So.2d 1115, recognized that preclusion under Article 425 was not absolute and "will yield to the interest of justice." *Id*., 20-122, pp. 14-15, 298 So.3d at 393. The second exception was applicable when the judgment from the prior action reserved the right of the plaintiff to bring another action. *Id*. The *Handy* Court found the plaintiff failed to prove either exception applied. *Id*.

The court in *Handy* relied on *Westerman v. State Farm Mut. Auto. Ins. Co.*, 01-2159 (La. App. 1 Cir. 9/27/02), 834 So.2d 445, to support its position that the elements of *res judicata* did not need to be met. In *Westerman*, the first circuit precluded judgment under Article 425, although there was no identity of the parties, noting there was no reservation of rights to sue the defendant seeking preclusion under the settlement agreement.

Following *Westerman*, in *Butler v. United States Auto. Ass'n Ins. Co.*, 04-2562, p. 3 (La. App. 1 Cir. 12/22/05), 928 So.2d 53, 54-55, the first circuit clarified that Article 425 should be read in conjunction with the *res judicata* articles, but

16

applied an exception to *res judicata*, despite a required element of *res judicata*, identity between the parties, not being met.[6]

After reviewing the official comments to La. C.C.P. art. 425, and Louisiana jurisprudence discussed above (excluding *Handy*, 298 So.3d 380), which recognize that Article 425 is an integral part of the *res judicata* statutes, we are persuaded by

---

[6] In *Butler*, 928 So.2d 53, the plaintiff was hit by the defendant's vehicle when crossing the street. The plaintiff filed suit against the defendant and his insurer. The plaintiff also named her uninsured motorist carrier as a defendant but was unable to serve the carrier. The plaintiff settled with the defendant and his insurer and reserved her right to seek relief from her carrier. Following the plaintiff filed suit against the carrier and the carrier was properly served. The carrier filed an exception of preclusion by judgment pursuant to Article 425, which was granted by the district court. The first circuit reversed, finding that Article 425 must be read *in pari materia* with the *res judicata* statutes and found the reservation of rights exception was met, writing:

> This court considered this provision in *Westerman v. State Farm Mutual Automobile Insurance Company,* 01-2159 (La. App. 1 Cir. 9/27/02), 834 So.2d 445. In construing La. C.C.P. art. 425, this court observed that the jurisprudence did not consider the article in isolation. Rather, article 425 should be interpreted "in conjunction with [claims of] *res judicata* under La. R.S. 13:4231." *Id.,* 01-2159 at p. 5, 834 So.2d at 448. . . .
>
> Louisiana Code of Civil Procedure art. 425 operates in tandem with the *res judicata* rules. *Walker v. Howell,* 04-246, p. 3 (La. App. 3 Cir. 12/15/04), 896 So.2d 110, 112. Article 425 was amended to its current form in 1990 to reflect simultaneous changes made in the *res judicata* rules. *Id.; see also* Comments to La. C.C.P. art. 425 (1990). Therefore, these articles must be read *in para materia. Walker,* 04-246 at p. 3, 896 So.2d at 112. Further, article 425 "contains no penalty provision; rather, it is merely a reference to the principles of *res judicata." Gaspard v. Allstate Insurance Company,* 04-1502, p. 3 (La. App. 3 Cir. 5/4/05), 903 So.2d 518, 520. "Accordingly, an exception of *res judicata* is the proper procedural vehicle to enforce [article 425's mandate] by barring claims that were or could have been litigated in a previous lawsuit." *Walker,* 04-246 at p. 3, 896 So.2d at 112.
>
> Reviewing the *res judicata* rules, we observe that La. R.S. 13:4232, entitled "Exceptions to the general rule of res judicata," provides a clear, pertinent exception to the general rules of *res judicata.* La. R.S. 13:4232 A(3) plainly states that **"[a] judgment does not bar another action by the plaintiff . . . [w]hen the judgment reserved the right of the plaintiff to bring another action."** (Emphasis added.) Here, unlike in *Westerman,* the judgment dismissing the tortfeasor specifically reserved [the plaintiff's] right against her Underinsured Motorist carrier." Accordingly, [the plaintiff's] action against [the carrier] is not barred by principles of *res judicata* under La. R.S. 13:4232 nor by preclusion under La. C.C.P. art. 425.

*Id.,* 04-2562, pp. 3-4, 928 So.2d at 54-55 (footnotes omitted). *See also*, *Guste v. Lirette*, 15-1285 2016 WL 3569850, at *1, *3 (La. App. 1 Cir. 6/28/16).

17

the third circuit's approach—that all of the elements of *res judicata* must be met before Article 425 is triggered. By strictly construing Article 425 and excluding the element of identity between the parties as urged by DODT, only one of the five *res judicata* elements—the claim or action arose out of the same transaction or occurrence—will need to be met to preclude a claim and/or action; thus, the strict construction of Article 425 will result in abrogating the *res judicata* statutes and its supporting jurisprudence. We conclude that all the elements of *res judicata* must be met to preclude a claim or action under La. C.C.P. art. 425.

Applying the *res judicata* elements in the case *sub judice*, there is no dispute that four of the five elements of *res judicata* are met: the judgment was valid and final in Lawsuit I; the cause or causes of action asserted in the Lawsuit II, existed at the time of final judgment in Lawsuit I; and the cause or causes of action asserted in Lawsuit II arose out of the transaction or occurrence that was the subject matter of Lawsuit I. However, DOTD was not a party in Lawsuit I. In *Burguieres*, the Supreme Court explained:

> Both the civilian law and the common law mandate that there must be "identity of parties" before the doctrine of *res judicata* can be used to preclude a subsequent suit. This requirement does not mean that the parties must have the same physical identity, but that the parties must appear in the same capacities in both suits.

*Id.*, 02-1385, p. 8, 843 So.2d at 1054 (footnote omitted). The Supreme Court, in *F. For Equal. PAC v. McKeithen*, 04-2551, p. 10 (La. 1/19/05), 893 So.2d 738, 745 (quoting *Welch v. Crown Zellerbach Corp.,* 359 So.2d 154, 156 (La. 1978), expounded that "[t]here exists an identity of parties whenever the same parties, their successors, or others appear so long as they share the same 'quality' as parties." The Supreme Court further explained:

In *Hudson v. City of Bossier,* 33,620 at p. 8 (La. App. 2 Cir. 8/25/00), 766 So.2d 738, 743, the appellate court, relying on federal jurisprudence interpreting *res judicata* provisions analogous to those under our state law, found that the preclusive effect of a judgment could bind a nonparty whose interests were adequately represented by parties to the litigation:

> Under federal law, the preclusive effect of a judgment binds the parties to the action and nonparties who are deemed the "privies" of the parties in these limited circumstances: (1) the nonparty is the successor in interest of a party; (2) the nonparty controlled the prior litigation; or (3) the nonparty's interests were adequately represented by a party to the action who may be considered the "virtual representative" of the nonparty because the interests of the party and the nonparty are so closely aligned. *Gilbert v. Visone,* 30,204 (La. App. 2d Cir. 02/25/98), 708 So.2d 496; *Condrey v. Howard,* 28,442 (La. App. 2d Cir.08/21/96), 679 So.2d 563, *writ denied,* 96-2335 (La. 11/22/96), 683 So.2d 281, citing *Meza v. General Battery Corp.,* 908 F.2d 1262 (5th Cir.1990).

*Id.,* 04-2551, p. 10 (La. 1/19/05), 893 So.2d 738, 745

In the case *sub judice*, DODT was not a named defendant in Lawsuit I. DOTD was not a successor in the interest of a party to Lawsuit I. It did not control the litigation in Lawsuit I. DODT's interest was not represented in Lawsuit I. Thus, one of the required elements of *res judicata*—identity between the parties—was not met. As a result, DODT's exception of no right of action, based on La. C.C.P. art. 425, may not be maintained.

Even assuming the elements of *res judicata* are not required to be met to trigger preclusion under La. C.C.P. art. 425, we are not persuaded DODT's arguments—that the Carollo Family were not diligent in filing suit against them,[7]

---

[7] The timeliness of filing of the second suit is not an express factor under La. C.C.P. art. 425 or an element of *res judicata*. However, it may weigh against finding relief from preclusion in the interest of justice. Notwithstanding, in the case *sub judice*, the expert report, which the federal court and DODT rely to support the untimeliness of naming DODT as defendant, is not in the appellate record.

and it will be prejudiced if trial proceeds without the other defendants[8]—outweigh the exceptional circumstances in this case. First, the Carollo Family, following the federal court's denial of the motion seeking to add DODT as defendant in Lawsuit I, reserved its rights in the settlement agreement of Lawsuit I against other parties who may be liable. We conclude that this was sufficient to reserve its right against DOTD. Second, we determine that preclusion of Lawsuit II would be against the interest of justice in light of the following factors, when considered all together: (1) Lawsuit I was removed by Defendants I to federal court; (2) pursuant to the 11th Amendment of the United States Constitution, DODT could not be sued in federal court;[9] (3) the federal court did not allow the Carollo Family to amend the federal lawsuit to add DODT; and (4) one of the *Hensgens* factors, discussed *supra,* considered by the federal court was whether the Carollo Family would be significantly injured if the amendment was not allowed, and the federal magistrate concluded the Carollo Family could be afforded complete relief without the amendment because it was free to seek relief against the DOTD by other avenues.

---

[8] We disagree with this argument in light of the applicable law. As noted by the federal magistrate, as a joint tortfeasor, each liable party is individually responsible for the entire obligation, but a paying party may have a right of contribution or indemnity from nonpaying parties. In *Farbe v. Cas. Reciprocal Exch.*, 00-0076, p. 5 (La. 7/6/00), 765 So.2d 994, 997, the Supreme Court explained, in pertinent part:

> [U]nder [La. C.C.] article 1804 and comparative fault principles, judgments are reduced in proportion to the percentage of fault allocated to the released tortfeasor. *Taylor,* [*v. United States Fidelity & Guar. Ins. Co.,*] 630 So.2d [237] at 239 [(La.1993)]; *Buckbee v. Aweco, Inc.,* 614 So.2d 1233, 1239 (La.1993); *Dill v. State of La., Dep't of Transp. and Dev.,* 545 So.2d 994, 997 (La.1989). Importantly, a nonsettling tortfeasor is entitled to a reduction in the judgment only if he proves at trial that the released party was at fault and therefore solidarily liable. *Steptoe v. Lallie Kemp Hosp.,* 93-1359, p. 11-12 (La. 3/21/94), 634 So.2d 331, 337; *Taylor,* 630 So.2d at 239; *Raley v. Carter,* 412 So.2d 1045, 1046 (La.1982).

[9] The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department. DODT is part of the executive branch of state government and is immune from suit in federal court pursuant to La. R.S. 13:5106; suit against the DOTD may not be instituted in any court other than a Louisiana state court.

"Where doubt exists regarding the appropriateness of an objection of no right of action, it is to be resolved in favor of the plaintiffs." *Teachers' Ret. Sys. of Louisiana*, 456 So.2d at 597. Accordingly, after our *de novo* review, we conclude the district court erred in sustaining the exception of no right of action.

## CONCLUSION

The district court's judgment, sustaining the exception of no right of action, is reversed and the matter remanded to the district court for further proceedings.

**REVERSED; REMANDED**